Opinion of the Court.
THIS was an action brought by Emerine in the circuit court, upon the covenant of Burton and Jarman to pay him eight dollars and eighty cents in good notes, on men in the county of Madison, Against the 19th of January, 1820.
Burton and Jarman appeared in court and offered to file the following plea, to wit: “The defendants come, &c. when, &c. and say actio non, because they say the note upon which the plaintiff has instituted his suit against them, was given in consideration and to secure the payment of $ then and there loaned and advanced to said defendants, to be bet or staked upon a certain game called a game of cards, in which the said defendants then were engaged, and this they, the said defendants, were ready to verify,” &c.
The filing of this plea was objected to by the counsel of Emerine, on the ground of its not being verified by oath, and the court sustained the objection and excluded the plea.
1. We are of opinion the objection was improperly sustained. The plea, we suppose, contains substantially, every necessary allegation to shew the invalidity of the writing upon which the suit is founded, under the law concerning gaming, and we know of no law, that requires such a plea to be verified by oath. There is an act of this country of 1801, 1 Lit 440 which precludes a defendant from denying the execution of any writing upon which a suit is founded, unless it be done by plea, supported by the affidavit of the party pleading. But the plea which was tendered in *410 this case, contains no denial of the execution of the writing, and consequently does not come within the influence of the act alluded to.
1 Dig. 265.
2. There is also contained in the session acts of 1814, page 397, a provision which requires in a described class of cases, special pleas, impeaching or going into the consideration of writings to be supported by the affidavit of the party pleading; and it is presumed, that it was under that act the court sustained the objection taken to the plea of the defendants. By adverting to this provision of the act, however, it will be apparent, that it does not apply to such a plea as the one under consideration. The provision contained in that act declares, “ that when any defendant or defendants in any action founded on any specialty or note in writing, shall, by special plea, impeach, or go into the consideration of any such instrument under the act of assembly, entitled an act to amend an act entitled an act to reduce into one the several acts for preventing vexatious suits and regulating proceedings in civil cases, approved the 8th of December, 1801, he shall support such plea by affidavit, stating therein that the facts therein contained are true as far as detailed as such from his own knowledge,and that he believes them to be so as far as detailed as such from the information of others.”
Were the facts contained in the plea in question, such as could only be pleaded under the act of 1801, we should admit that they ought to have been supported by an affidavit. But the facts contained in the plea, are evidently of a character which, without the aid of the act of 1801, would have formed an available defence to the action of Emerine. Those facts, if true, shew that the writing on which the action is founded is void under the law concerning gaming ; and whenever a writing is declared void by statute it was always admissible for a defendant in an action, founded on such writing, to avoid it by plea. The plea in question, therefore, is not a plea impeaching or going into the consideration of the writing upon which Emerine's suit is founded, under of 1801; and as it is only such pleas as are allowed by the act of 1801, that are required by the provision of the act of 1814, to be supported by affidavit, there can have been no necessity for such an affidavit from Burton and Jarman.
*411 The judgment must be reversed and the cause remanded to the circuit court with directions to that court to permit the pleas to be filed, and for further proceedings to be there had, not inconsistent with this opinion.