COWAN, &c.
vs.
CAMPBELL'S AD.

---

Case 8.

Cowan, &c. vs. Campbell's Administrator.

ORD. PET.

APPEAL FROM PULASKI CIRCUIT.

1. According to the rules of the common law, as modified by the 4th Edward III, which modification was re enacted by the legislature of Kentucky in 1797, (1 *Litt.* 624,) no suit can be maintained against an executor for a forfeiture incurred by the testator under a penal statute. (*Com. Dig*, *Title Administration, Letter B*, 15.)
2. The act of 1812 (1 *Stat. Law*, 88,) saving the right of action for personal injuries to administrators, and against them, embraced actions for personal injuries only, and has no application to inju-

ries to real estate. *(Kennedy & McCoun vs. McAfee's ex'r,* 1 *Litt.* 169.)

3. No action can be maintained against an administrator for the failure of his intestate to return a list of slaves held as dower slaves. According to the requisitions of the Revised Statutes, and previous acts on that subject, the right of action in such case dies with the person. It is not the duty of an administrator to return such list as the statute prescribes.

[The facts of the case are stated in the opinion of the court.—REP.]

*R. M. Bradley* for appellant—

It is hard to understand the ground upon which the demurrer was sustained. The amended petition clearly states a cause of action, being drawn to meet the provisions of the Revised Statutes, page 628.

A clear cause of action is made out against the administrator, not to come out of him *personally*, but as representative of Campbell's estate; and it certainly cannot be contended that the mere death of a man who violated the law, will, under such circumstances, exonerate his estate. If this were the case, the law, which was intended to protect the rights of infants, would be a mere nullity, and all the permanent evidences of title of such individuals would be lost by the act of God—the death of the individual whose duty it was to take care of the interest of those in remainder and reversion.

HARVARD LAW SCHOOL LIBRARY.

It is true, the act does not in express terms require executors and administrators to perform the prescribed duty; but the object of the law cannot be attained, unless the act be so construed as to embrace them; the beneficial purpose of the law would fail, unless it be construed to embrace them. On this ground a reversal is asked.

No brief on file for appellees.

Judge SIMPSON delivered the opinion of the court:      December 16.

This action was brought by the heirs and distributees of W. G. Cowan, deceased, against the adminis-

trator of A. Campbell, for the failure of the defendant's intestate, who had intermarried with the widow of said W. G. Cowan, to make out under oath, and file for record in the clerk's office of the county court where he resided, the names of the slaves and their respective ages, that had been allotted as dower to his wife, out of the estate of her deceased husband.

A demurrer to the petition was sustained by the circuit court, and judgment rendered for the defendants, from which the plaintiffs have appealed.

By an act passed in 1839, (3 *Statute Law, p.* 554,) it was made the duty of all persons, holding a life estate in slaves, to make out and file with the clerk of the county court, annually, such a list of said slaves as therein required; and for the failure to do so, they were subjected to a forfeiture of one hundred dollars, to be recovered by action of debt, by the persons entitled to the slaves in reversion or remainder.

This act was repealed by an act of 1844, (*Session Acts* 1843–4, *page* 84,) which required the performance of the same duty, by persons holding a life estate in slaves, and subjecting them, for a failure to comply with the requisitions of the statute, to a fine by presentment of a grand jury, not exceeding fifty dollars for each failure.

By the Revised Statutes, page 628, the same duty is imposed on the owner of a life estate in slaves, and for a failure to file such annual statement he is made liable to a fine, not exceeding fifty dollars for each offense, for the use of the person in remainder, to be recovered by suit or indictment, at the cost of the person suing.

The fine imposed by the act of 1844 was not declared to be for the benefit of the persons entitled to the slaves in reversion or remainder; and as it could only be recovered under a presentment by a grand jury, no suit for it could be maintained in the name of the reversioner or remainderman, and when col-

lected it was not for his benefit, but was to be used for the same purpose that other fines were directed to be appropriated by the law in force at the time of their recovery.

The principal question however, that arises on the demurrer is, can an action be maintained against the personal representative of the offender after his death, either under the act of 1839 or under the Revised statutes, or does the action abate by the death of the party?

By the principles of the common law all actions founded on a *tort* died with the person. This rule of the common law underwent considerable alteration by the statute of 4 *Edward* 3, which was re-enacted by the legislature of this country in 1797. ( 1 *Littell*, 624.)

But even under the law as thus modified debt could not be maintained against an executor for a forfeiture incurred by his testator on a penal statute. (*Com. Dig., Administration, B,* 15.)

By an act passed in 1812, ( 1 *Statute Law*, 88,) it was enacted, that no species of actions for personal injuries shall cease or die with the person, except actions for assault and batteries, slander, criminal conversation, and so much of the action for malicious prosecution as is intended to recover for the personal injury; but that for any other injury than those therein excepted, an action might be brought and maintained by executors or administrators, or against executors and administrators in like manner with causes of action founded on contract.

It was decided in the case of *Kennedy & McCoun vs. McAfee's executor,* 1 *Littell,* 409, that this act embraced actions for personal injuries only, and did not apply to injuries to real estate.

Now, this action is not brought for a personal injury, nor is the penalty inflicted by the statutes imposed on account of an injury, either to the person or the property of another; but it is inflicted for a failure to comply with the requisitions of the law,

1. According to the rules of the common law, as modified by the 4th Edward III, which modification was re-enacted by the legislature of Ky. in 1797, (1 *Littell,* 624,) no suit can be maintained against an executor for a forfeiture incurred by the testator under a penal statute. (*Com. Dig., Title Administration, Letter B,* 15.)

2. The act of 1812 (1 *Statute Law*, 88,)saving the right of action for personal injuries to administrators and against them, embraced actions for personal injuries only, and has no application to injuries to real estate. (*Kennedy & McCoun vs. McAfee's executor,* 1 *Litt.* 409.)

3. No action can be maintained against an administrator for the failure of his intestate to return a

list of slaves
held as dower
slaves. Accord-
ing to the Re-
vised Statutes,
& previous acts
on that subject,
the right of ac-
tion in such case
dies with the
person. It is
not the duty of
an administra-
tor to return
such list as the
statute pre-
scribes.

which failure might be productive of injury to the rights of other persons. The action for the penalty under these statutes, is not embraced either by the letter or the spirit of this act. And as the penalty is in its nature personal, being a fine against the offender, the action given by the statute abates by his death, and cannot be maintained against his personal representative.

Under the Revised Statutes, if the owner, guardian, or husband fail to comply with the law, they are made liable, but it is not made the duty of an administrator, who has the control of the slaves, merely for the purpose of administering the estate of his intestate, to list a statement of them with the clerk of the county court, nor is he subjected to a fine for failing to do it.

Wherefore, the judgment is affirmed.