THE HOUSTON & TEXAS CENTRAL R'Y Co. v. H. W. HARRY & BROS.

(Case No. 1678.)

1. ACT OF MAY 6, 1882, SECTION 3, CONSTRUED — CONSTITUTIONAL LAW — PENAL STATUTES — EXEMPLARY DAMAGES — POWER OF LEGISLATURE. — Suit was brought under section 3 of the act of May 6, 1882 (General Laws, p. 35), to recover damages for the detention of goods after tender of payment of the sum due, as shown by the bill of lading, for their transportation. Judgment was given for the plaintiff, and the case brought to this court by writ of error. The appellants assigned for error the overruling the following special demurrers: "1. Because in truth and in fact it appears upon its face to be a statute to prevent and punish a criminal offense by the forms of civil procedure, and so deprives the defendant of the guaranties thrown around it, in common with all other citizens, by the constitution of the state. 2. Because it takes the property of one citizen and gives it to another without due process of the law of the land. 3. Because the plaintiff's claim is for a fine, forfeiture or penalty, and fines, forfeitures or penalties are specially appropriated to special use, to wit, for laying out and working public roads, and cannot be appropriated to individual use. 4. Because it does not appear in and by their petition that they are or were in any manner injured or damaged by the detention of their goods." *Held:*

(1) That article 10, section 12, giving the legislature power to pass laws

necessary to correct any abuse by railways, and to enforce them by penalties, left it to the legislature's discretion to determine what acts of railways were abuses, and what penalties were necessary to correct them.

(2) That it was left to the legislature's discretion to decide whether the abuse to be corrected should be declared a crime and punished as such, or whether a civil injury, and be corrected by a civil action given by statute to the person whose rights had been violated, and allowing him to recover a fixed sum as a penalty, or as exemplary damages, far in excess of the actual damages suffered.

(3) The fact that a statute gives a right to recover damages in excess of the sum that might be recovered in a court of law in the ordinary administration of justice does not invalidate the statute; but the excess is exemplary damages.

(4) That article 15, section 26, of the constitution provides for the recovery of exemplary damages, though the act on which the action is based may constitute a crime of high degree.

(5) That similar acts to the one under consideration have been declared remedial.

(6) That independent of statute, a person would have a right of action against a railway that unnecessarily refused to deliver goods after tender of the freight due as shown by the bill of lading, and nominal damages might be recovered without proof of actual damages; but that contracting under the statute they would be held liable, in case of failure to comply with its terms, in a sum to be ascertained as provided by it, as if the statute had been made a part of the contract.

(7) That when nothing is found in the constitution which either by express terms or by fair implication restrains the legislature, it may, to correct an abuse that might be punished as a crime, direct that it shall be corrected by a fixed sum recovered by an action *quasi* penal, brought by him whose rights have been injured; and it was in the light of similar legislation that the present constitution was adopted.

(8) That to declare an act unconstitutional, it is not sufficient that it should seem impolitic or contrary to right in the abstract, but it must be contrary to the spirit and the letter of the constitution, and he that asserts it must be able to point out wherein the constitution has been infracted.

(9) Article 16, section 24, of the constitution refers only to fines imposed as penalties for crimes, and such as arise from forfeited bail bonds, etc., and does not include such as are allowed by statutes to be recovered by citizens for injuries done to their rights.

ERROR from Washington. Tried below before the Hon. I. B. McFarland.

*George Goldthwaite*, for appellants, cited the following authorities: Acts 17th Legislature (called session 1882), p. 35; Tex. Const., Bill of Rights, secs. 10, 13, 19; art. 16, sec. 24; Texas Penal Code, art. 1; Cooley's Blackstone, vol. 1, p. 288; Eden's Principles of Criminal Law, p. 74, and note, citing 2 Coke's Inst., 48; Lynch *v.* St. Economy, 27 Wis., 71; Dutton *v.* Fowler, 27 Wis., 430; A. & N. R. Co. *v.* Baty, 6 Neb., 37; Fay *v.* Parker, 53 N. H., 342.

*Sayles & Bassett*, for appellees, cited: Burnett *v.* A. & P. R. Co., 68 Mo., 56; Const., art. 10, § 2. The legislature may regulate the occupation of a common carrier. Munn *v.* Illinois, 4 Otto (94 U. S.), 113. Penalties recoverable in whole or in part by the person injured are imposed upon ferrymen for neglect of duty. R. S., 4446, 4447, 4449, 4450. Upon pilots for neglect of duty. R. S., 3652, 3659. Upon persons purchasing goods after nightfall. R. S., 4660. Upon officers unlawfully demanding fees. R. S., 2421. Upon certain persons for not using standard weights. R. S., 4854–5. Upon common carriers for not receiving and transporting freight (R. S., 279, 280), and for not feeding stock. R. S., 284. Upon purchasers at sheriff's and administrator's sales for not complying with their bids. R. S., 2319, 2084. Upon sheriffs for neglect of duty. R. S., 2319, 2325. Upon administrators for neglect of duty. R. S., 2049; Doss *v.* The State, 6 Tex., 434; Hays *v.* Stewart, 8 Tex., 358; Tarde *v.* Benseman, 31 Tex., 277; State *v.* Garcia, 38 Tex., 547.

STAYTON, ASSOCIATE JUSTICE.— This action was brought to recover the damages allowed by the act of May 6, 1882 (General Laws, p. 35), for failure to deliver freight in accordance with the provisions of that act.

The third section of the act is as follows:

"Sec. 3. That any railroad company, its officers, agents or employees, that shall refuse to deliver to the owner, agent or consignee any freight, goods, wares and merchandise, of any kind or character whatever, upon the payment, or tender of payment, of the freight charges due as shown by the bill of lading, the said railroad company shall be liable in damages to the owner of said freights, goods, wares or merchandise, to an amount equal to the amount of the freight charges for every day said freight, goods, wares and merchandise is held after payment, or tender of payment, of the charges due as shown by the bill of lading, to be recovered in any court of competent jurisdiction."

The petition alleges all the facts made requisite by the act to sustain the action, and, as there is no statement of facts, it must be presumed that the facts alleged were proved.

Special demurrers to the petition were urged, and by the court overruled, and judgment rendered for the plaintiff.

The overruling of the demurrers is assigned as error.

The demurrers were:

"1. Because in truth and in fact it appears upon its face to be a statute to prevent and punish a criminal offense by the forms of

civil procedure, and so deprives the defendant of the guaranties thrown around it, in common with all other citizens, by the constitution of the state.

"2. Because it takes the property of one citizen and gives it to another without due process of the law of the land.

"3. Because the plaintiff's claim is for a fine, forfeiture or penalty, and fines, forfeitures or penalties are specially appropriated to special use, to wit, for laying out and working public roads, and cannot be appropriated to individual use.

"4. Because it does not appear in and by their petition that they are or were in any manner injured or damaged by the detention of their goods."

A very elaborate argument has been filed in support of the demurrers; but no provision of the constitution has been cited which to us seems to deprive the legislature of power to enact the law in question.

The act in question was most probably passed in obedience to section 2, article 10, of the constitution, which declares that "the legislature shall pass laws to correct abuses and prevent unjust discrimination and extortion in the rates of freight and passenger tariffs on the different railroads in this state; and shall from time to time pass laws establishing reasonable maximum rates of charges for the transportation of passengers and freight on said railroads, and enforce all such laws by adequate penalties."

It rests with the legislature to determine what, on the part of a railway, constitute abuses, and to determine what laws will correct them, as well as what remedies may be necessary to secure the enforcement of such laws.

Over these matters the legislature has full power, in the absence of some constitutional restraint.

Whether abuses shall be corrected through statutes which declare the act or acts which constitute an abuse a crime punishable in some of the modes in which crime is ordinarily punished; or whether the given abuse shall be corrected through a civil action given to the person whose private right has been violated, in which not only actual compensation for the wrong done may be recovered, but in which damages in excess of this, in the way of punitive or exemplary damages, may be recovered, was left to the discretion of the legislature.

Without statutes, in cases of wilful wrong, gross negligence, fraud and oppression, such damages are given in the ordinary administration of justice through the courts; and it is difficult to perceive

wherein a thing which may lawfully be done, without a statute, becomes unlawful if done with the direct sanction of the legislature.

The statute in question gives the action to the person injured by the wrongful act, and its fruits may be simply compensation for the injury done, or may be more.

If more, the excess is but exemplary damage, the amount of which may and will depend on the length of time the defendant refuses to comply with a contract voluntarily made by it, and continues to hold without right, in defiance of law and disregard of the rights of the owner, property which it, in the exercise of a public employment, has contracted promptly to deliver.

That exemplary damages may be recovered in certain cases, even when the act on which the action is based may be punished as a crime of high degree, is manifested by the constitution itself. Constitution, art. 16, sec. 26.

Statutes of like character as that under consideration have been held not penal but remedial. Frohock v. Pattee, 38 Me., 107; Quimby v. Carter, 20 Me., 221; Reed v. Inhabitants of Northfield, 13 Pick., 94.

Without reference to the statute, the owner of goods detained, without necessity therefor, after the payment or tender of the price of carriage, as evidenced by the bill of lading, has cause of action, and the statute simply provides what the measure of damage shall be. Nominal damage would be given without proof of any actual damage sustained. Parties contract with reference to the law, and may discharge themselves from liability by complying with their contracts; and if they fail to do this, it may be held that they have agreed, in case of such failure, to pay the sum to be ascertained as provided by the statute, as fully as though the provisions of the statute had been made, in express terms, a part of the contract. If, however, the statute could not be deemed strictly remedial, it would not alter the rule, for the reasons before stated; and, besides, actions similar in character, when not prosecuted by and for the benefit of persons directly injured by the wrong done, have been given by statutes in this state, in other states, and by congress, for so long a period, without question, that it may well be presumed that the constitution was adopted in the light of the past exercise of such power by legislatures to enact laws whereby a fixed sum may be recovered by an action *quasi* penal, even for the correction of some abuse which might be corrected by a statute making the act which constitutes the abuse a crime.

This must be held to be true where there is nothing found in the

constitution which in express terms, or by fair implication, prohibits the exercise of such power by the legislature.

He that claims an act of the legislature to be in conflict with the constitution must be able to put his finger on the provision of the constitution infracted, and it must clearly appear that such is the character of the act or it cannot be so held.

It is not enough that the act may seem to be impolitic, or that it may be in conflict with what may seem to be, abstractly considered, a correct theory of right; if it be not in conflict with the spirit and the letter of the constitution, the former to be ascertained from the language in which the constitution is written, it is the duty of a court to hold the act valid.

Section 24, article 16, of the constitution evidently refers only to such fines and forfeitures as under the law may inure to the public; such as fines imposed as punishment for crime, and such forfeitures as occur through bail bonds and like obligations, and has no application to such sums as under statutes may inure to the citizen for a wrong done to himself, the extent of recovery alone being prescribed by law.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered February 3, 1885.]