## BANNON v. STATE.

STATUTES: *Constitutionality of Section 5545, Mansfield's Digest.*

Section 5545 of Mansfield's Digest, punishing railroad employes for burning, mutilating, hauling off or burying stock killed by trains, is not unconstitutional.

APPEAL from *Sharp* Circuit Court.

R. H. POWELL, Judge.

*Newman Erb* and *Caruth & Erb* for appellant.

*Sec. 5545 Mansf. Dig.*, is repugnant to *sec. 21, art. 2*, and *sec. 3, art. 2, Const. Ark.*, and the *5th amendment Const. U. S.*, and *29th Ch. Magna Charta.*

It is not the "law of the land," for in its operation it is limited to a class named, and does not extend equally to all. *Coke's Inst., part 2, p. 51; 2 Yerg., 554; ib., 259, 600; 3 Humph., 483; 2 Sneed., 104; 26 La., 671; 20 Cal., 534; 5 Sawy., 552; 7 Nev., 349; 100 U. S., 303; 4 Wheat, 244.*

*Dan W. Jones*, Attorney General, for appellee.

As to definition of "law of the land," see *2 Yerger, 554*, and of "due process of law," see *Cooley Const. Lim., 390, 356.* Measured by these definitions the act is not repugnant to any clause in the Constitution.

COCKRILL, C. J. The appellant was convicted, and a fine of twenty-five dollars was assessed against him for a violation of the following provision of the statute:

"If any section boss or master, hand, or other person employed by any railroad company owning and operating any

railroad in this State, or any other person connected with any railroad in this State, shall be caught mutilating, disfiguring, burning, hauling off, or burying any dead carcass that shall be killed on any railroad in this State, without first notifying at least two citizens of the neighborhood, whose duty it shall be to take and preserve all marks, flesh or ear or otherwise, or value of such animal, brute, swine or other stock, shall be deemed guilty of a misdemeanor and be fined in any sum not less than twenty-five dollars, nor more than $500, for such offense." *Mans. Dig., sec. 5545.*

STOCK KILLED
BY TRAINS:
Act to punish
burning, etc.,
constitutional.

The appellant was a section boss in the employ of the Kansas City, Springfield & Memphis Railroad Company and was charged with hauling off and burning stock that had been killed by the company's trains without first notifying citizens of the neighborhood. His motion for a new trial does not question the adequacy of the testimony to sustain the verdict against him, and he has not challenged here, the correctness of the court's charge to the jury. The question pressed for consideration is the constitutionality of the provision of the statute under which the conviction was had.

It is argued that the section is special legislation, discriminating against the employes of railroads, and that it is therefore repugnant to the guaranty of the Constitution that the equality of all persons before the law shall remain inviolate, and is not "the law of the land" within the meaning of the Bill of Rights. *Const. of 1874, art. 2, secs. 3 and 21.*

The provision is taken from the act of February 3, 1875, requiring railroad companies to pay for damages to persons and property caused by the running of their trains. One of the main objects of the act is to secure the citizens living in the neighborhood of the lines of railways in the recovery of damages against the companies for negligently killing their stock. The obligation to fence the track was not imposed upon the companies as it has generally been elsewhere, but

they are required to furnish the stock owner with facilities for ascertaining that his stock has been injured and the opportunity of identifying it afterwards. This is done by making it incumbent on the company to post a notice at the station house nearest to the place of the injury, giving a description of the animal injured with a statement of the time and place of the injury; and further by a compliance with the requirements of the provision in question. The power of the Legislature to impose upon railroad companies the obligation of affording the stock owners every reasonable facility for obtaining the evidence of the injury he has sustained by the running of their trains, and of enforcing the performance of the duty by prescribing a punishment for its neglect, cannot be doubted. The right is found in the general control which the State has reserved over all agencies for the public safety and protection and to guard properly the rights of other persons. The maxim, "*sic utere tuo ut alienum non laedas*," lies at the foundation of the power. *Cooley's Const. Lim. p., 710n, and* *575 et seq.*

A punishment in damages in double the value of the animal injured, to be recovered of the company inflicting the injury, by the owner, if he is entitled to recover at all, is imposed upon the company for a neglect to post the notice required by the act. *Mansf. Dig., sec. 5538.* All the objections now urged against the provision upon which the prosecution is founded, have been made against that last cited, but they have been adjudged to be insufficient to affect the validity of the act and it has successfully withstood the assaults of the companies. *L. R. & Ft. Smith R. R. Co. v. Payne, 33 Ark., 816; M. & L. R. R. R. Co. v. Horsfall, 36 id., 651; Cooley Const. Lim., *579, and cases cited in n. 1; Humes v. Mo., Pacific R'y, 82 Mo., 221; H. & T. Cent. R'y. v. Harry & Bros., 63 Tex., 256.*

The provision in question is of a piece with the double

damage feature of the act, and was designed to stimulate the companies' servants to perpetuate the evidence of the injuries done through the acts of themselves or their co-employes, and the punishment that is prescribed against them is intended simply to compel an enforcement of the statutory duty in aid of the stock-owner. Without a penalty the provision would be worthless. The punishment for removing the culpatory evidence against the company without complying with the requirements of the statute, is pronounced against all upon whom the duty of performing the obligation is cast, and the section is not partial within the inhibition of the Constitution. Cases *supra; Cooley's Const. Lim.,* *390; *McAunich v. R. R.,* 20 Iowa, 338; *Iowa Ry. v. Soper,* 39 id., 112; *Davis v. State,* 3 Lea, 376.

The same power that authorizes the punishment of railroad ·companies without extending its operation to other companies or persons, for a failure to post the notice of wounding, justifies the punishment of railroad employes alone for a violation of a like statutory obligation on their part.

Let the judgment be affirmed.