ST. LOUIS, A. & T. R'Y CO. v. J. N. McKEE.

(No. 3158.)

APPEAL from Cherokee County. Opinion by WILLSON, J.

C. D. MIMMS, counsel for appellant.

FRANK TEMPLETON, counsel for appellee.

§ 8. *Common carriers; penalty against for failure to deliver goods recoverable; case stated.* Appellant, a merchant at Mt. Selman, a station on appellant's line of railway in Cherokee county, shipped from Galveston, Texas, to said station certain packages of merchandise, prepaying the freight charges thereon, and receiving from appellant's connecting line of railway at Galveston a through bill of lading for said goods. When the goods reached Tyler *en route* to Mt. Selman, appellant refused to deliver the same to appellee unless he would pay additional freight charges. Appellee refused to pay such additional charges, and demanded that the goods be delivered to him, informing the agent of appellant at Tyler that he had prepaid the freight charges at Galveston, and exhibiting to said agent his receipted freight bill. Said agent still refused to deliver said goods, and continued to so refuse for seventeen days after said demand. Appellee brought this suit under article 4258a,

Sayles' Civil Statutes, to recover the penalty prescribed thereby, and recovered judgment for said penalty and costs.    It is contended by appellant that the above-cited statute was repealed by the act of April 2, 1887. [Sayles' Civil St., art. 4227.]   In support of this proposition we are referred to 1 Civil Cas. Ct. App., § 933.   That decision is not in point and is not applicable to the statute in question.   The act of April 2, 1887, does not, by implication, repeal article 4258a, but relates to different matters, and does not comprehend the entire subject embraced in said article 4258a.   Article 4258a prescribes a penalty for the specific act of refusing to deliver goods upon the payment, or tender of payment, of the freight charges due, as shown by the bill of lading; while article 4227 prescribes a penalty for a failure to deliver property at the regular or appointed time, without reference to the payment, or tender of payment, of freight charges. We are of the opinion that article 4258a, under which this judgment was obtained, is in force, and that this suit is maintainable thereunder.    [Railway Co. v. Harry, 63 Tex. 256.]

Appellant had no depot or station agent at Mt. Selman, and its custom was to deliver freight destined for that place from its depot at Tyler, the conductors on its trains from Tyler to Mt. Selman performing the functions of freight agents at Mt. Selman.   It was proper, therefore, we think, for appellee to demand his goods of appellant's agent at Tyler, where said goods were being detained. Believing that there is no error in the judgment, it is

October 26, 1889.                                    Affirmed.