A. Schloss v. Atchison, Topeka & Santa Fe Railway Company.

No. 25.

**1. Bill of Lading — Statutory Definition.** — Article 280, Revised Statutes, prescribes that " common carriers are required, when they receive goods for transportation, to give to the shipper, when it is demanded, a bill of lading or memorandum in writing, stating the quantity, character. order, and condition of the goods." This under our statute constitutes a bill of lading. It is a contract entered into between the parties at the time the goods are delivered for transportation. and is equally binding on both parties.

**2. Expense Account.**—The expense account attending a carriage of goods by railway is a bill of particulars of services rendered and expenses paid under the contract made by the railway company alone.

**3. Bill of Lading and Expense Account.** — Unless the bill of lading contains data or refers to some other instrument from which data can be obtained by which the amount due can be ascertained, such bill of lading can not be said to include the expense account. In absence of such data the expense account is not a part of the bill of lading.

**4. Statute Construed—Penalty for Railway Company Refusing to Deliver Freight.** — The Act of May 6, 1882 (Sayles' Civil Statutes. articles 4258a1, 4258a2, 4258a3), as to railway companies. is a penal statute. In the first section it declares certain acts to be unlawful; in the second, it enjoins a duty; and in the third, it denounces against the railway company a penalty for violating the previous sections. In the shipper's interest the act is remedial.

**5. Statutory Penalty.**—The action to recover damages equal to the amount of freight charges for every day freight is held by a railway after payment or tender of payment of the charges due, as shown by *the bill of lading*, is strictly statutory. The plaintiff seeking such recovery must bring himself strictly within the provisions of the act.

**6. Same.**—There is no ambiguity in the Act of May 6, 1882. and its meaning must be determined by its own language. There is no room for construction, and no need to resort to extraneous facts for its interpretation. The measure of damages, the penalty for each day's detention of freight. is the sum due as shown by *the bill of lading*. A petition failing to show such amount due, in seeking a recovery of the penalty, does not show legal cause of action.

THIS is on certificate of disagreement from the Court of Civil Appeals, Third District, in a case on appeal from El Paso County.

The opinion gives the issues submitted and the facts.

BROWN, ASSOCIATE JUSTICE.—The appellant sued under the act of the Legislature, approved May 6, 1882 (Sayles' Civil Statutes, article 4258a, section 3), to recover an amount equal to the freight charges for each of four days that it was alleged that the freight was detained after the charges had been tendered.

The petition alleged, that the freight was shipped over appellee's line from St. Louis to El Paso, and that the freight charges amounted to the sum of $217.80. It was not alleged that the amount of the charges was shown by the bill of lading, but it was alleged, that after the goods arrived the defendant's agent notified appellant of their arrival, and of the amount of the freight charges due as shown by the expense account. It is claimed that the expense account became a part of the bill of lading. The District Court sustained a demurrer to the petition; the appellant declined to amend, and appealed.

The Court of Civil Appeals has certified to this court for decision the following questions:

"First. When the owner of goods shipped to their destination by a railway tenders to it the amount of the freight charges, but such amount is not shown by the bill of lading, is a refusal to deliver the goods a violation of the statute, article 4258a, section 3, Sayles' Civil Statutes?

"Second. Was the expense account furnished by the company to plaintiff after the arrival of the goods at their destination, showing the amount of the freight charges due, a part of the bill of lading within the meaning of the statute?"

The answer to the first question depends upon the answer given to the second, and we will answer the second first.

*Answer to Second Question.*—Article 280 of the Revised Civil Statutes provides, that "common carriers are required, when they receive goods for transportation, to give to the shipper, when it is demanded, a bill of lading or memorandum in writing, stating the quantity, character, order, and condition of the goods." This, under our statute, constitutes a bill of lading. It is a contract entered into between the parties at the time the goods are delivered, and is equally binding upon both parties. It may be true in practice, as claimed, that in fact the railroads dictate the terms, but in law this is the contract when made. The expense account is a bill of particulars of services rendered and expenses paid under the contract, made by the railroad company alone. The shipper has no part in making it, and is not bound by it. If the bill of lading contained data, or referred to some other instrument from which data could be obtained, by which the amount due could be determined, it would no doubt

be sufficient.   This was the case in Railway v. Roberts, 22 Southwestern Reporter, 184.   Under the facts stated, the expense account was not a part of the bill of lading.

*Answer to First Question.*—The Act of May 6, 1882, contains three sections (articles 4258a, section 1, 4258a, section 2, and 4258a, section 3, Sayles' Statutes), which must be considered together in order to determine the character of the act.   The first section, in substance, declares that it shall be unlawful for any railway company, its officers, agents, or employes, to demand or receive a greater sum for transporting freight than is specified in the bill of lading.   The second section, in substance, declares it to be the duty of railway companies, their officers, and agents, to deliver to the consignee freights transported by it upon the payment of the amount of charges due, as shown in the bill of lading.   The third section, under which this suit is brought, provides, in substance, that if any railway company shall, upon the payment or tender of the freight charges "due as shown by the bill of lading," refuse to deliver any freight transported by it, and upon which such charges are due, it shall be liable in damages to the owner of such freight in an amount equal to the amount of such freight charges for every day that the goods are held after such payment or tender.

This act is both remedial and penal.   In Sutherland on Statutory Construction it is said: "The general purpose and aim of a statute may be remedial, as where they provide punitive compensation to the injured party.   But the provisions that enforce the wrong for which a penalty is provided and those which define the punishment are penal in their character, and must be construed accordingly.   A statute may be remedial in one part and penal in another."   Suth. on Stat. Con., sec. 208.

For the shipper the act provides, that upon making payment or tender of the charges for transportation as shown in the bill of lading, he shall have possession of his goods; and in the third section the means of enforcing the right is given in the way of punitive damage.   From this standpoint the statute is remedial.   It was from the shipper's standpoint that the court viewed the act in Railway v. Harry & Brothers, 63 Texas, 256, in which the right of the Legislature to enact the law for the benefit of the shipper was the question.

As to the railway company, it is penal, for in the first section it declares certain acts to be unlawful, in the second section it enjoins a duty, and in the third it denounces against the railway company a penalty for violating the previous sections.

In the case of Railway v. Dwyer, 84 Texas, 198, the question was, whether the bill of lading was such as is mentioned in the act so as to render the railway company liable, and from this standpoint the court declared the statute to be penal.

Whether it be remedial or penal, it is certain that the appellant's right

of action is strictly statutory.    Without the statute, he had  the right to recover compensation for the detention of his goods after payment or tender of the amount due.    This right is not taken away or modified by this act.    But without this statute he could not recover the damages or penalty specified in it.    Therefore he must bring himself strictly within the provisions of the acts.    Suth. on Stat. Con., sec. 398; De Witt v. Dunn, 15 Texas, 106; De la Garza v. Booth, 28 Texas, 478; Scogins v. Perry, 46 Texas, 111; Murray & Bro. v. Railway, 63 Texas, 407.

There is no ambiguity in the act, and its meaning must be determined by its own language.    There is no room for construction, and no need to resort to extraneous facts for its interpretation.    Suth. on Stat. Con., sec. 219; Engelking v. Von Wamel, 26 Texas, 471; De 'son v. Bunton, 81 Texas, 655.

The caption of the act reads as follows:    "An act to prohibit railroad companies, their officers, agents, and employes, from making excessive charges for carrying and transporting freight, goods, wares, and merchandise, and to require said companies, their officers, agents, and employes, to deliver freight, goods, wares, and merchandise on payment of the freight charges due as shown by the bill of lading, and to provide penalties for the violation of the provisions of this act."

One of the leading purposes was to punish the failure to perform the duty enjoined by the law.    The caption says that penalties are provided, and in the third section it is said, that the railway company shall be liable to the owner of the goods in damages, etc.    Calling it damages does not change the character of it.    The sum to be recovered is not in any respect compensatory for the injury sustained by the detention of the goods; the extent of the injury is not taken into account.    It is an arbitrary sum, fixed, not according to the value of the property, nor governed by the value of their use, but by the sum due as shown by the bill of lading.    It is a penalty in every respect, as much as if it had been so declared, and was intended as a punishment of the railway company for a violation of the law.

There can be no doubt as to what this law means.    The language with reference to the amount of freight charges due is used four times in the act, and each time it is expressed to be the "amount due as shown in the bill of lading."   In order to recover the penalty prescribed, the shipper must bring himself strictly within the requirements of this statute.

The petition in this case having failed to allege the necessary facts, did not show a violation of the law or a right to recover.

Delivered June 23, 1893.