STATE OF TEXAS V. CHARLES SCHUENEMANN ET AL.

Delivered March 9, 1898.

**Liquor Dealer's Bond—Action Upon Does Not Survive.**

An action against a liquor dealer and the sureties on his bond for the penalty prescribed by article 5060g, Revised Statutes, does not survive the death of the principal, either against his representatives or his sureties.

APPEAL from Guadalupe.   Tried below before Hon. M. KENNON.

*T. M. Humphries* and *W. R. Neal,* for appellant.

*J. B. Dibrell,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was instituted by the county attorney in the name of the State of Texas, for the use and benefit of the county of Guadalupe, against Charles Schuenemann, as principal, and the sureties on his bond as a liquor dealer, to recover $500 as a penalty for an alleged infraction of said bond.   The breach of the bond alleged was that Schuenemann permitted a minor to enter and remain in his house and place of business where spirituous, vinous, malt liquors, and medicated bitters capable of producing intoxication were kept for sale and sold in quantities of one gallon or less.

Charles Schuenemann, after the suit was brought and he had answered, died, and his death being suggested, his administratrix was made a party defendant.   She pleaded in abatement to the action the death of her intestate, that the suit was to recover a statutory penalty, and that therefore the action did not survive the principal obligor upon the bond.   A like plea was filed by Walter Bock and August Schuenemann, the sureties on Charles Schuenemann's bond.

The issue made by these pleas was tried by the court without a jury, and  it was held that the suit was for a penalty, and abated upon the death of the liquor dealer, and did not survive against either his sureties or representatives; whereupon judgment was rendered in favor of defendant.

The State has appealed from the judgment, and has assigned as error the holding of the court that the action did not survive the death of the principal obligor on the bond.   This is the only question presented on this appeal.

Article 5060g, Revised Statutes of 1895, provides that: "Any person, firm, or association of persons desiring to engage in the sale of spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, to be drunk on the premises, shall, before engaging in such sale, be required to enter into bond in the sum of $5000; provided, however, that any person, firm, or corporation of persons dealing exclusively in malt liquors shall be required to give bond only in the sum of $1000, with at least two good, lawful, and sufficient sureties, payable to the

State of Texas, to be approved by the county judge, conditioned that said person, firm, or association of persons so selling spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, in any quantity, to be drunk on the premises, shall keep an open, quiet, and orderly house or place for the sale of spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication; and that such person, firm, or association of persons, or his or their agent or employe, will not sell nor permit to be sold in his or their house or place of business, nor give nor permit to be given, any spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, to any person under the age of 21 years, or to a student of any institution of learning, or to any habitual drunkard, or to any person after having been notified in writing, through the sheriff or other peace officer, by the wife, mother, daughter, or sister of the person, not to sell to such person; and that he or they will not permit any person under the age of 21 years to enter and remain in such house or place of business; and that he or they will not permit any games prohibited by the laws of this State to be played, dealt, or exhibited in or about such house or place of business; and that he or they will not rent or let any part of the house or place in which he or they have undertaken to sell spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, in any quantity, to be drunk on the premises, to any person or persons for the purpose of running or conducting any game or games prohibited by the laws of this State; and that he or they will not adulterate the liquor sold by them in any manner, by mixing with the same any drug; and that he or they will not knowingly sell or give away any impure or adulterated liquors of any kind; which said bond shall be filed in the office of the county clerk of the county where the business is conducted, and shall be recorded by such clerk in a book to be kept for such purpose, for which service the said clerk shall be entitled to a fee of 75 cents; which said bond may be sued on at the instance of any person or persons aggrieved by the violation of its provisions, and such person shall be entitled to recover in the sum of $500 as liquidated damages for each infraction of the condition of such bond, and the said bond shall not be void on the first recovery, but may be sued on until the full penal sum named therein shall have been recovered. In addition to civil proceedings for individual injuries, brought on said bond as above indicated, if any person, firm, or association of persons shall violate any of the conditions of the bond herein required, it shall be the duty of the county, and the amount of $500 as a penalty shall be recovered from upon in the name of the State of Texas, for the use and benefit of the county, and the amount of $500 as a penalty shall be recovered from the principals and sureties upon a breach of any of the conditions thereof."

The Constitution of this State (article 5, section 8) provides that the district court shall have original jurisdiction in all suits in behalf of the State to recover penalties, forfeitures, and escheats. The jurisdiction

of the district court in actions of this character has been upheld under this constitutional provision upon the ground that such an action is to recover a penalty.  State v. Eggerman, 81 Texas, 569; State v. Stoutsenberger, 16 S. W. Rep., 304.  From these decisions and the terminology of the statute quoted, it may be safely held that this action is to recover a statutory penalty.

Statutory penalties are ordinarily in the nature of a punishment prescribed by law for the nonperformance of an act or for the performance of an act in an unlawful manner, and in some cases the penalty stands in lieu of the act to be performed.  San Luis Obispo Co. v. Hendricks, 71 Cal., 242; 11 Pac. Rep., 682.  Penalty involves the idea of punishment, and whether it is inflicted in a civil or criminal prosecution, its character is not changed.  It may involve the payment of a sum of money or personal suffering.  United States v. Chouteau, 102 U. S., 603.  Although by the common law the action is in the nature of a civil information for a debt, qui tam actions or penal statutes were nevertheless designated as actions ex delicto sounding in tort, and were therefore within the common law maxim which declares that all personal actions were extinguished by the death of the tort-feasor.  The common law is the rule of decision in this State, and actions to recover penalties prescribed by statute can not be maintained against personal representatives of a deceased wrongdoer, except in cases where the survivorship of such actions is controlled by statute. Schriebner v. Sharpness, 110 U. S., 76; Stokes v. Stickney, 96 N. Y., 323; Jones v. Van Zandt, 4 McLean, 604, Fed. Cases No. 7504; Davis v. State ex rel. Long, Prosecuting Atty., 22 N. E. Rep., 9.  In the absence of express statutory provisions, actions for the recovery of statutory penalties—actions which are in their nature penal—do not survive.  The death of either party, plaintiff or defendant, is an incurable abatement.  Fairley v. Davis, 6 Ala., 375; Jones v. Brooks, 30 Ala., 588; Willis v. Byrne, 106 Ala., 106, 17 So. Rep., 332.  Upon the common law principle that all actions founded on a tort died with the person, it has been held that an action can not be maintained against the personal representatives of the offender after his death to recover a statutory penalty.  Cowan v. Campbell's Admr., 56 Ky., 522, 66 Am. Dec., 184.  And in Fite v. Lander, 52 North Carolina, 247, which was an action against the administrator of a clerk on his official bond to recover a statutory penalty of $200 for issuing a writ without requiring security, it was held that a suit for the penalty abated upon the death of the clerk.

In this State we have no statute changing the common law rule in actions of this character.  And it being a penalty imposed by statute upon a liquor dealer for violating the law, we are of the opinion that after his death it was not contemplated that his personal representatives or the sureties on his bond should have a penalty imposed upon them for his wrongful act, and that when the principal in the bond, who was the subject of the prescribed punishment, died, neither his administratrix nor sureties should be punished for his act, but that the action to re-

cover the penalty died with him against whom it was denounced by law. We are therefore of the opinion that the court did not err in sustaining appellees' pleas in abatement of this action, and that the judgment of the court below should be affirmed.

*Affirmed.*

Writ of error refused.