### Frank Mason v. B. Adoue.

#### Decided October 31, 1902.

**Anti-Trust Statute—Penalty—Liquidated Damages.**

The Act of May 25, 1899, prohibiting pools, trusts, and monopolies, authorizing prosecutions against them and the recovery back of any money paid to such a company or corporation so unlawfully transacting business, provides for a penalty, and not liquidated damage, so that the right of action dies with the corporation.

Appeal from the District Court of Galveston County. Tried below before Hon. Robt. M. Franklin.

*R. H. & Alice S. Tiernan,* for appellant.

*James B. & Chas. J. Stubbs,* for appellee.

GILL, Associate Justice.—This suit was brought by the appellant, Frank Mason, against the Galveston Brewing Company, a corporation organized under the laws of Texas for the manufacture and sale of beer and ice, and against the members of its board of directors.

Appellant alleged the corporate existence of the defendant, its active engagement in the manufacture and sale of beer and ice. That it had engaged with other persons in the formation of a pool trust or combination in restraint of trade in the articles manufactured by it. That during the period of its membership in the trust and combination alleged, appellant had purchased large quantities of beer from the concern for which he had paid the sum of $12,500, which sum he sought to recover against the concern under section 12 of the Act of May 25, 1899. By an amendment appellant alleged that since the institution of his suit the defendant at the suit of the State had been adjudged guilty of violations of the act, large penalties recovered against it, and its charter revoked. That upon the revocation of its charter its property remained in the hands of its board of directors in trust for its creditors and stockholders, and the directors were named as defendants and judgment asked against them.

The pleadings are voluminous and for that reason are not set out at length, the statement of their substance being deemed sufficient for the purposes of this opinion. The defendants by special exception questioned the sufficiency of the petition on the ground that it appeared therefrom that the suit was for the recovery of a penalty, and that such an action could not survive the demise of the corporation, and as that fact also appeared from plaintiff's allegations his suit should be dismissed.

This exception was sustained by the trial court, and plaintiff refusing to amend, the court entered a judgment of dismissal. From that judgment comes this appeal.

Upon the question thus presented appellant contends that his suit is not for a penalty, but for liquidated damages for a wrong to his property rights suffered at the hands of the guilty corporation, and that in holding otherwise the trial court erred.

The able briefs and arguments presented by counsel representing the parties to this action, both upon this and the constitutional question (which is also made), disclose much patient labor and research and have been read by this court with much interest. In our view of the case, however, a disposition of the question first presented will determine this appeal, and it would serve no useful purpose to take up the other questions or to enter into an extended discussion of the one which we propose to treat.

It is conceded that if the action is to recover a penalty, the right to recover did not survive the demise of the corporation. Whether the suit is of this nature must be determined by the purpose of the Legislature as diclosed by the language of the act under which the right is asserted. The act in question was approved May, 25, 1899, and has the following caption:

"An act to prohibit pools, trusts, monopolies, and conspiracies to control business and prices of articles; to prevent the formation or operation of pools, trusts, monopolies and combinations of charters of corporations

that violate the terms of this act and to authorize the institution of prosecutions and suits therefor."

Now it is perfectly plain from the statement of the purposes and objects of the act that its object was not remedial for the benefit of those who might be injured by the violation of its provisions, but punitive and deterrent. The expressions "suits and prosecutions therefor" render it manifest that the suits are designed to further the prohibitive purpose of the act, rather than to make whole the private individual who may have suffered damage as a result of the violation of the act. It is also worthy of remark in this connection that the action is given to one who has paid money to the transgressor, without reference to the extent of his damage and whether he has suffered any loss at all.

It seems to be well settled that one who has suffered loss at the hands of those who have unlawfully combined in restraint of trade may at common law recover his damages, whatever they may be shown to be, if his damage is chargeable to a violation of the principle which assures to him the right to conduct his business as others may. A case might arise in which the purchases from and payment to the offender might be insignificant in amount, yet the influence of the wrongful act on others to whom the injured party might look for patronage could result in injury far out of proportion to the recovery allowed by the statute in question. Could it be justly held that the action allowed by statute would be exclusive of the action for full compensation allowed at common law?

But the act contains further internal evidences of the purpose of the Legislature inconsistent with the contention of appellant. Eight of the sections of the act denominate the actions authorized as for "penalties," and the actions given to private individuals are declared to be cumulative of those given to the State for forfeiture of charter and recovery of money and cumulative of any penalty denounced by any other existing law. They are nowhere accorded the individual in the sense of redress for injury suffered, nor can such a construction be justly inferred from any expression in the act.

Appellant cites in support of his proposition the cases of Nolan v. Tennison, 21 Texas Civil Appeals, 332, and Schuneman v. State, 46 Southwestern Reporter, 260, both Texas cases. In Nolan's case a parent sued a retail liquor dealer for violation of the conditions of the dealer's bond with reference to his minor son. The court held that the action survived the death of the offender, but based its judgment on the language of the statute authorizing the action which expressly and in terms denominated the recovery as liquidated damages for the wrong and gave the action only to the party aggrieved.

In Schuneman's case the State sued for a similar violation of the bond on account of unlawful sale of liquor to a minor, and the court held that the right of the State to recover did not survive, because the statute denominated the recovery accorded to the State as a penalty.

It seems to us these two cases aptly illustrate the distinction.

Conceding the right in the Legislature to make it the one or the other,

so far as the individual suit is concerned the inquiry is what did the law making body purpose to do?

The case of Huntington v. Attrill, 146 United States, 658, also cited by appellant, is easily distinguished from the case at bar. The matter under consideration in that case was a statute making the officers of a corporation, who sign and record a false certificate of the amount of its capital stock, liable for the debts of the concern, and the question was whether the imposition of the liability was designed to be penal or as compensation and protection to those who had been injured thereby. It was held not to be penal.

In Yerteau v. Bacon's Estate, 27 Atlantic Reporter, 198, also cited by appellant, it was held that action brought under a statute authorizing the recovery of money paid to a liquor dealer for intoxicating liquors sold in violation of law survived the death of the offender. In that case the court followed the rule "that an action survives against the estate whenever the estate has received a benefit from the transaction for which a recovery may be had by action in form ex contractu" and was controlled by the declaration in the statute itself which provided that the money so paid belonged to the plaintiff and was recoverable in an action for money had and received. The court adds: "If the money is the plaintiff's, the death of the possessor can not deprive him of the right to recover it." We do not regard the case as announcing a rule contrary to the conclusion we have reached. We have noticed the cases cited by appellant as most nearly in point, and do not deem it necessary to discuss the vast number of authorities cited by him which according to his contention bear collaterally or directly upon the question.

In Schloss v. Railway, 85 Texas, 601, a similar question arose on a statute authorizing recovery of freights paid to railway companies for certain misconduct defined in the act, and our Supreme Court, after resorting to the caption of the act then under discussion in ascertaining its purpose and effect, went even further than we have gone in this case, for it was there held that the language of the statute in denominating the recovery as damages did not make it such. In that case as in this the statute made it clear that the sum to be recovered was not in any respect compensatory, the extent of injury not being taken into account, and the whole act making it plain that the action was intended to be penal.

The trial court committed no error in sustaining the exception, and the judgment is therefore in all things affirmed.

*Affirmed.*

Writ of error refused.