SAM JOHNSON v. B. G. ROLLS ET AL.

No. 1297. Decided March 24, 1904.

**Liquor Dealer's Bond—Death—Survival of Action.**

An action against a liquor dealer and the sureties on his bond to recover the penalty provided by statute (Rev. Stats., art. 3380) for selling intoxicants to plaintiff's minor son, abates, as against the sureties, on the death of the principal in the bond. (Pp. 455-457.)

Question certified from the Court of Civil Appeals for the First District, on error from Anderson County.

*Gregg, Brown & Brooks,* for plaintiff in error.—A suit upon a retail liquor dealer's bond by the father of a minor for violating said bond by selling liquor to such minor is not a suit to recover a penalty, and does not abate as to the sureties on the bond upon the death of the principal. Nolan v. Tennison, 21 Texas Civ. App., 333; State v. Schuenemann, 18 Texas Civ. App., 487.

*Baker, Botts, Parker & Garwood* and *Frank C. Jones,* for defendants in error.—That a suit for a penalty abates by the death of the wrongdoer will not be denied. Watson v. Loop, 12 Texas, 11; State v. Schuenemann, 18 Texas Civ. App., 487. If the action is for a penalty, it makes no difference whether the recovery is in the name of the State or of a private person. Watson v. Loop, 12 Texas, 11; Nolan v. Tennison, 21 Texas Civ. App., 332.

That the statute is a penal one, even where suit is brought by a parent, has heretofore been determined by this court. Peavy v. Goss, 90 Texas, 89. The legislative intention to make the provisions of the bond penal

is shown by the title of the act. If the Act of 1903 be not construed as a penalty, the part of the act referring to suits by individuals is not supported by the title. Sutherland v. De Leon, 1 Texas, 250; Potter's Dwarris on Stats., quoted with approval by Chief Justice Roberts in Higgins v. Rinker, 47 Texas, 393, 401.

"Subject," as used in the present Constitution, means "that which is dominated or controlled by a particular law." Day Land & C. Co. v. State, 68 Texas, 527. "Object," as used in the former Constitution, means the "end or purpose." Giddings v. San Antonio, 47 Texas, 553. The word "subject" is generally held to be more restrictive than the word "object." Adams v. San Angelo Water Co., 86 Texas, 486; Harland v. Territory, 3 Wash., 131. Saying a recovery is damages does not necessarily relieve it from its character of a penalty. Schloss v. Atchison T. & S. F. Ry. Co., 85 Texas, 601. One of the definitions of a "penal statute" given by the Century Dic. and Cyclo. is: "In a more general sense those statutes which impose a new liability for the doing or omitting of an act."

Under a statute of New York the trustees of certain corporations were made liable for the debts of the corporation upon their failure to make reports, or for paying a dividend not justified by the condition of the corporation. This liability was held in Merchants Bank v. Bliss, 35 N. Y. App., 412, to be penal, and suits against a trustee abated by his death. Wiles v. Suydam, 64 N. Y., 173; Easterly v. Barber, 65 N. Y., 253; Stokes v. Stickney, 95 N. Y., 323; Brackett v. Griswold, 103 N. Y., 425; Carr v. Rischer, 119 N. Y., 117; United States v. De Goer, 38 Fed. Rep., 80; Diversey v. Smith, 103 Ill., 378, 42 Am. Rep., 14; Moriority v. Bartlett, 99 N. Y., 651, reversing 34 Hun (N. Y.), 272; Hegerich v. Keddie, 99 N. Y., 258; Killen v. Barnes, 106 Wis., 546, 82 N. W. Rep., 536, 544; Cotter v. Plumer, 72 Wis., 476, 40 N. W. Rep., 379; Mitchell v. Hotchkiss, 48 Conn., 9, 40 Am. Rep., 146, and cases cited; Yarter v. Flagg, 143 Mass., 280, 9 N. E. Rep., 649; Little v. Conant, 2 Pick., 527; Fite v. Lander, 52 N. C., 247; Jones v. Vanzandt, 4 McLean, 604; Schreiber v. Sharpless, 17 Fed. Rep., 589.

"At common law, actions on penal statutes do not survive." Com. Dig., title Administration, book 15. Common law governs in Texas in absence of statute. Taney v. Edwards, 27 Texas, 225. Five hundred dollars recovery under Revised Statutes, Texas, article 4433, a penalty. Missouri K. & T. Ry. Co. v. Chenault, 92 Texas, 504. Amount of $25 per day for not furnishing cars a penalty. Houston E. & W. T. Ry. Co. v. Campbell, 91 Texas, 557.

Article 3071 providing for 12 per cent damages against insurance company not paying loss is penal in character. Northwestern Life Ass. Co. v. Studevant, 24 Texas Civ. App., 333; Fay v. Williams, 41 S. W. Rep., 497. Speaking of the statute authorizing the recovery of twice the amount of usurious interest collected, our courts have called such a recovery a penalty. Whitlow v. Culwell, 40 S. W. Rep., 642. Chief Justice James in Matthews v. Interstate B. and L. Assn., 50 S. W.

Rep., 604, says: "This is an action to recover the penalties of double alleged usurious interest." Chief Justice Willie, in Hemphill v. Watson, 60 Texas, 679, 682, says: "We have seen that the penalty provided against usurious contracts," etc. The Supreme Court, speaking through Mr. Justice Williams, in Rosetti v. Lozano, 70 S. W. Rep., 204, designates the recovery for charging usurious interest as a penalty. The action under article 2380, Hart. Dig., for postdating items in an account, is abated by the death of the defendant. Watson v. Loop, 12 Texas, 11. In De Witt v. Dunn, 15 Texas, 106, the statute giving 20 per cent to the plaintiff against a sheriff for failure to indorse certain things on an execution was held to be penal. This holding was approved and followed in De la Garza v. Booth, 28 Texas, 478; Scogins v. Perry, 47 Texas, 111; Murray v. Gulf C. & S. F. Ry. Co., 63 Texas, 413; Gulf C. & S. F. Ry. Co. v. Dwyer, 84 Texas, 194, 75 Texas, 572.

This being an action that did not survive at common law, unless it survives under the terms of Revised Statutes, article 3353a (Acts 24th Leg., p. 143), it abates even though it should be construed not to be a penalty. Watson v. Loop, 12 Texas, 11; Alexander v. Barfield, 6 Texas, 402; Austin v. Townes, 10 Texas, 27; Fitzgerald v. Western U. Tel. Co., 15 Texas Civ. App., 144.

The right of plaintiff is based upon the statute and the wrong of the liquor dealer, and not upon the bond. Glover v. Storrie, 18 Texas Civ. App., 7; O'Connor v. Koch, 9 Texas Civ. App., 587.

BROWN, ASSOCIATE JUSTICE.—This is a certified question from the Court of Civil Appeals of the First District. The statement and questions are as follows:

"The plaintiff in error filed suit in the District Court of Anderson County against B. G. Rolls as principal and H. Prince and H. Hamilton as sureties, upon a bond executed by said Rolls as a retail liquor dealer, for the alleged breach thereof in selling liquor to the minor son of the plaintiff. After the suit had been brought the defendant Rolls, the principal on the bond, died, and the defendants Prince and Hamilton filed a plea of abatement thereof against them as sureties on said bond on account of the death of the principal, B. G. Rolls. The plaintiff excepted to the plea, but the trial court overruled the exception and abated the suit and the plaintiff has brought the cause to this court for revision upon writ of error.

"On account of an apparent conflict of decision upon the question between Schuenemann v. State, 46 S. W. Rep., 260, and Nolan v. Tennison, 50 S. W. Rep., 1028, and an expression of the Supreme Court in Peavy v. Goss, 90 Texas, 89, it is certified for decision as follows:

"Did the trial court err in abating the suit against the sureties Prince and Hamilton on account of the death of the defendant Rolls, the principal on the bond?"

To the question proponded we answer, there was no error in abating the suit.

Article 3380, Revised Statutes, was embraced in the act of the Legislature of 1887, the title of which reads as follows: "An act to regulate the sale of spirituous, vinous, or malt liquors, or medicated bitters; to fix a tax upon all persons or association of persons selling such liquors; to define the time and manner of collecting such tax; to fix the penalties for the violation of this act, and to repeal all laws and parts of laws in conflict with the provisions of this act."

The article referred to contains the following provisions: "Any person, etc., desiring to engage in the sale of spirituous, vinous or malt liquors, etc., shall, before engaging in such occupation, be required to enter into bond in the sum of five thousand dollars, with at least two good, lawful and sufficient sureties, payable to the State of Texas, to be approved by the county judge, conditioned that said persons, etc., will not sell or permit to be sold in his or their house or place of business, nor give nor permit to be given, any spirituous, vinous or malt liquors, etc., to any person under the age of twenty-one years; which said bond may be sued on at the instance of any person or persons aggrieved by the violation of its provisions, and such person shall be entitled to recover the sum of five hundred dollars as liquidated damages for each infraction of the conditions of such bond."

This case does not fall within the terms of any of our statutory provisions for the survival of causes of action, and we must look to the common law for the rule of decision. Watson v. Loop, 12 Texas, 11.

If the sum sued for is a penalty, there can be no controversy that at common law the cause of action died with the wrongdoer. Watson v. Loop, above cited. Therefore the question that arises in this case is, whether the fact that the Legislature has declared the sum to be recovered upon the bond to be liquidated damages is to govern in determining its character, or whether we shall look to the purpose and provisions of the act to decide upon the real character of the recovery.

In Schloss v. Atchison T. & S. F Ry. Co., 85 Texas, 601, the plaintiff sought to recover of defendant for failure to deliver freight a sum allowed by statute as liquidated damages. The question was, whether the statute was penal in its nature and to be strictly construed, or remedial and entitled to a liberal construction. Considering the caption of the act and all of the provisions of the law, this court held it to be penal and the sum to be recovered a penalty. We think that the reasoning in that case applies with equal force to this. We conclude, therefore, that the designation of the recovery as liquidated damages should not control in the interpretation of article 3380.

The case of Peavy v. Goss, 90 Texas, 89, was a suit upon a liquor dealer's bond by the mother of the minor to whom the liquor had been sold. Two questions were made in the case as presented to this court: (1) That the law was unconstitutional because it gave a right to recover damages, whereas the caption only embraced penalties, and (2) that the section of the law was void for uncertainty because "it did not

sufficiently designate the person authorized to sue." This court held the law to be constitutional and in doing so must have held that the sum provided for was a penalty, or that "penalties" in the caption included *"liquidated damages."* Upon the second point the court held that the mother was embraced in the term "persons aggrieved," and in so holding said that the court recognized the fact that the law "is penal in its character" and should be strictly construed.

At common law all causes of action for damages die with the person of the party injured, or the person inflicting the injury, except such damages as grow out of acts affecting the property rights of the injured party. 5 Enc. of Pl. and Prac., 805. Actions for punitive damages, as for maliciously suing out a writ of attachment, malicious prosecutions and the like, die with the person of.the wrongdoer. Considered as liquidated damages, the sum provided for by the article quoted has much the character of exemplary or punitive damages and is not embraced in any class of damages that would, at common law, survive the death of the wrongdoer. This fact strongly supports the conclusion that the Legislature misnamed the recovery provided for.

The caption of the act provides for "penalties" to be inflicted for the violation of the law. The purposes of the act were to regulate the sale of intoxicating liquors and to raise revenue by tax, and, to enforce the regulations, penalties were provided. To better secure the enforcement of the regulations the Legislature sought, by offering the reward of $500, to arouse the vigilance of the private citizens designated as "persons aggrieved." The liquidated damages to be recovered by the citizen are in the same amount as the penalty to be recovered by the State and for the same violation of the conditions of the bond. There is nothing in the law to indicate that there was any purpose to compensate the "person aggrieved" for the injury sustained, but the idea of punishment is prominent in every part of the act. In support of this view we call attention to the fact that the bond contains eleven different conditions, and, for the breach of each, the same sum is allowed as "liquidated damages" without regard to the character of the act or its effect on the rights of the "person aggrieved." For example the "person aggrieved" may recover the same "liquidated damages" because the liquor dealer permitted a prohibited game to be played in the house as for permitting a minor to enter and remain in the house. It is plain, whether called "liquidated damages" or "penalties," that the sum to be recovered was intended as punishment for the violation of the conditions of the bond, and as an inducement to private citizens to aid the State in the enforcement of the law by inciting them to sue for the sum named. The Legislature could have enacted that this action should survive, but having failed to do so, the language used must be construed by the common law "which interprets its implications and defines its incidental consequences." Suth. Stat. Const., sec. 334.