**WHORTON v. NEVITT et ux.**

No. 1139.

Court of Civil Appeals of Texas. Waco.
Oct. 22, 1931.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for plaintiff in error.

Bird & Bird and W. S. Bramlett, all of Dallas, for defendants in error.

ALEXANDER, J.

This was an action brought by Charles M. Nevitt and wife against John R. Whorton to recover double the amount of certain usurious interest alleged to have been paid by plaintiff to the defendant. The plaintiffs prayed in the alternative for the excess interest paid to Whorton over and above that allowed by law. During the pendency of the suit, Whorton died and Mrs. Lucy Clark Whorton, his widow, as administratrix of his estate, was substituted as defendant. The case was submitted to a jury on special issues, and, upon the verdict of the jury, judgment was entered for the plaintiffs for the sum of $2,271.32, being double the amount of interest so paid. The defendant sued out this writ of error.

After Mrs. Whorton, as administratrix of said estate, was substituted as a party defendant, she filed an answer therein, but apparently neither she nor her attorney were present in court at the time the case was tried. On the day the case was tried, the court permitted the plaintiffs, by oral motion and without notice to the defendant, to file a substitute for their first amended original petition which had been lost. The plaintiff in error contends that she is entitled to have the case reversed because said pleadings were substituted without a sworn motion and without notice to her.

Revised Statutes, art. 2289, provides that where a pleading is lost, and the parties do not agree in writing as to the contents of the lost instrument, the party desiring to substitute such lost instrument may, after giving the adverse party or his attorney three days' notice, make a sworn motion to have same substituted, and if upon a hearing thereof it is found that the paper offered as a substitute is a true copy of the original, the same may be substituted in lieu of such original. Under this statute, and in the absence of an agreement, it is essential before a pleading can be substituted that a sworn motion be filed and that notice thereof be given to the adverse party. Such adverse party is entitled, if he desires to do so, to contest the allegation that the instrument offered as a substitute is a true copy of the lost instrument. Notice to him that such a motion has been filed seems to be essential to give the court jurisdiction to act thereon. Since no sworn motion was filed and no notice was given, a judgment based on the substitute pleading was illegal. Revised Statutes, art. 2289; Watson v. Miller

Bros., 69 Tex. 175, 5 S. W. 680; Newman v. Dodson, 61 Tex. 91; Crosby v. Di Palma (Tex. Civ. App.) 141 S. W. 321; Strohmeyer v. Wing (Tex. Civ. App.) 77 S. W. 977; Watson Co., Builders, v. Bleeker (Tex. Civ. App.) 285 S. W. 637; John Hamilton & Co. v. Western Union Telegraph Co., 35 Tex. Civ. App. 602, 81 S. W. 58.

The plaintiff in error raises the further proposition that the defendants in error's action, or at least a part thereof for which they were allowed a recovery, was a suit for a penalty, and that the cause of action therefor did not survive the death of John R. Whorton, the original defendant. As before stated, the suit was originally against John R. Whorton and was to recover double the usurious interest alleged to have been paid to him, and in the alternative for the excess interest over and above that allowed by law. Whorton died during the pendency of the suit, and his widow, as administratrix of his estate, was substituted as defendant. The court allowed a recovery of double the amount of interest paid.

At common law, the death of the defendant in an action to recover a penalty abated the action. The common-law rule applies in this state, and, in the absence of an express statutory provision to the contrary, actions and causes of action for the recovery of statutory penalties do not survive, and, in the case of a pending action, the death of a defendant is an incurable abatement. Johnson v. Rolls, 97 Tex. 453, 79 S. W. 513; Watson v. Loop, 12 Tex. 11; Ellis v. Brooks, 101 Tex. 591, 102 S. W. 94, 103 S. W. 1196; State v. Schuenemann, 18 Tex. Civ. App. 485, 46 S. W. 260 (writ denied); Mason v. Adoue, 30 Tex. Civ. App. 276, 70 S. W. 347 (writ denied).

Revised Statutes, art. 5073, provides that, where usurious interest is paid, "The person paying the same or his legal representative may by an action of debt recover double the amount of such interest from the person, firm or corporation receiving the same."

It will be noticed that the statute allows a recovery in favor of the legal representative of the person paying the usurious interest, but does not allow a recovery against the legal representative of the person receiving the same. The statute does not, therefore, by its own terms, provide that the cause of action shall survive in the event of the death of the party receiving the usurious interest. We do not find any other statute providing that such a cause of action shall survive. The above statute does provide, however, that the amount allowed by the statute may be recovered in an action for debt, and this leads the defendants in error to contend that the right of action is for debt, which survives, and not an action for penalty, which does not survive. The question, therefore, to be determined is: Whether the action is for a debt or for a penalty? We do not think that the fact

that the statute provides that the amount allowed thereby may be recovered in an action of debt, furnishes any criterion for determining whether it is in fact a debt or a penalty. This question is to be determined not by the nature of the action by which the amount is to be recovered, but by looking to the provisions of the act and the purposes to be accomplished, as disclosed by the language of the Legislature. Johnson v. Rolls, 97 Tex. 453, 79 S. W. 513; Schloss v. A., T. & S. F. Ry. Co., 85 Tex. 601, 22 S. W. 1014; Mason v. Adoue, 30 Tex. Civ. App. 276, 70 S. W. 347 (writ denied).

A penalty is a sum of money of which the law exacts payment by way of punishment for doing some act that is prohibited, or omitting to do some act that is required to be done. The term involves the idea of punishment. 25 C. J. 1178. The injured party's action to recover double the usurious interest paid is purely statutory. In the absence of such a provision, the injured party would have a right to recover the excess interest paid over and above that allowed by law, as money had and received, but he would not have a right to recover double the usurious interest so paid. The statutory recovery is allowed, not by way of compensation to the injured party for a loss sustained by him, but by way of punishment to the offender. It therefore contains all the essential elements of a penalty.

In 1891, our Constitution was amended so as to allow a recovery in such a case, and provides as follows: "All contracts for a greater rate of interest than ten per centum per annum shall be deemed usurious, and the first legislature after this amendment is adopted shall provide appropriate pains and penalties to prevent the same. * * *" (Constitution, art. 16, § 11).

Revised Statutes, article 5073, in its present form, was enacted in 1907 (Acts 1907, c. 143). The title to the Act read: "Usury—Prescribing pains and penalties for collection." The caption of the act recited that it was an act "prescribing the pains and penalties for the collection of usurious interest," and the emergency clause referred to it in like terms. These terms as used both in the Constitution and in the enacting clause of the act indicate clearly that the amount allowed to be recovered thereunder was intended as a penalty to punish the offender, and not merely to recompense the injured party for the loss sustained by him. In the case of Baum v. Daniels, 55 Tex. Civ. App. 273, 118 S. W. 754, at page 757, the court, in considering this statute, said: "The statute giving the remedy upon which this suit was based is to an extent penal in its nature, and by its terms fixes the sum that may be recovered at double the usurious interest collected."

We therefore hold that the defendants in error's action in part was to recover a penalty, and abated upon the death of John R.

Whorton. Interstate Savings & Trust Co. v. Wyatt, 27 Colo. App. 217, 147 P. 444; Patterson v. Wyman, 142 Minn. 70, 170 N. W. 928; Allen v. Petty, 58 S. C. 240, 36 S. E. 586; Schreiber v. Sharpless, 110 U. S. 76, 3 S. Ct. 423, 28 L. Ed. 65.

Upon another trial and upon a proper showing, the defendants in error should be allowed to recover the excess interest paid by them over and above that. allowed by law, but should not be allowed to recover double the amount of interest paid by them as a penalty. The other assignments of error complain of alleged errors that will not likely arise in the same manner upon another trial, and therefore we do not discuss them.

The judgment of the trial court is reversed, and the cause remanded for a new trial.