**AMERICAN NAT. INS. CO. v. MAYS.**

**No. 3436.**

Court of Civil Appeals of Texas. El Paso.
Oct. 22, 1936.

W. B. Handley and C. J. Shaeffer, both of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

HIGGINS, Justice (after stating the case as above).

The major question presented is whether notice to appellant's soliciting agent of facts material to the risk will be imputed to appellant so as to operate as a waiver and estoppel against appellant, barring it from asserting the defensive matter specially pleaded.

Upon this question appellant admits its insistence that such notice is not so imputable contrary to the rulings of this court in Terry v. Texas Prudential Ins. Co. (Tex.Civ.App.) 77 S.W.(2d) 761, and Provident L. & A. Ins. Co. v. Flowers (Tex.Civ.App.) 91 S.W.(2d) 847.

In the cases cited the question was fully considered and discussed. It was held that notice to the insurer's agent of facts within the scope of the agent's authority, and with reference to matters over which his authority extended, is imputable to the principal even though the agent had no authority to alter, amend, or waive any policy provision or requirement. The same ruling was made by the Eastland Court in Martinez' v. First T. P. Ins. Co. (Tex.Civ.App.) 90 S.W.(2d) 645. We adhere to the rulings in the cases mentioned and overrule the contention that notice to appellant's agent in this case is not imputable to it.

We here correct an inaccurate statement contained in the opinion of this court in the Terry Case. In Terry v. Texas Prudential Ins. Co., 77 S.W.(2d) 761, at page 764, with respect to the ruling in the Pedigo Case (Tex.Com.App.) 50 S.W.(2d) 1091, this court said: "It

was then held that the false representation, though innocently made, defeated recovery."

The Pedigo Case did not rule upon the effect of the false statement if innocently made. Consideration thereof was expressly pretermitted. The inaccurate statement in this court's opinion in the Terry Case was unnecessary to the decision and does not affect the ruling in the case.

The assignment is sustained which complains of the attorney's fee awarded as being excessive.

■ It is true the testimony of three attorneys, witnesses for plaintiff, supports the finding fixing $250 as a reasonable fee. But in passing upon the issue this court is not bound to give controlling effect to such testimony. This court has the right to look to the entire record and view the matter in the light of the testimony, the record before it, the amount in controversy, and the common knowledge and experience of the members of this court as lawyers and judges. Southland L. Ins. Co. v. Norton (Tex.Com.App.) 5 S. W.(2d) 767.

■ Considering the matter from this viewpoint, we are of the opinion the fee awarded is unreasonable and excessive; that a fee of $100 would be reasonable. National L. & A. Ins. Co. v. Hines (Tex. Civ.App.) 50 S.W.(2d) 364. As a condition of affirmance a remittitur will be required.

The remaining question in the case is the right to have the judgment for attorney's fee bear interest from its date. Appellant's position in this particular is that the judgment for the fee should not bear interest because under the statute it is made taxable as costs. Article 4736, R.S., as amended by Acts 42d Leg., 1931, ch. 91, p. 135 (Vernon's Ann.Civ.St. art. 4736).

■ This provision of the statute does not change the true nature of the obligation to pay an attorney's fee. Johnson v. Universal L. & A. Ins. Co. (Tex.Com. App.) 94 S.W.(2d) 1145.

■ If the true nature of the payment required to be made is for damages, it will be held to be such though the statute treats it as costs. Schloss v. Atchison, T. & S. F. Ry. Co., 85 Tex. 601, 22 S.W. 1014; Johnson v. Rolls, 97 Tex. 453, 79 S.W. 513, and other cases cited in 32 Tex.Jur. p. 752.

We regard the statutory obligation to pay an attorney's fee as damages awarded beneficiaries of life insurance policies to reimburse them for expenses necessarily incurred in employing attorneys to enforce payment of such policies. As such the judgment for same should bear the statutory interest as provided by article 5072, R.S.

The judgment will be affirmed, conditional upon the filing by appellee in 20 days of a remittitur reducing the attorney's fee to $100. If same be not filed, the judgment will be reversed and remanded.

Conditionally affirmed.