MILLER MANAGEMENT COMPANY, INCORPORATED, V.
THE STATE OF TEXAS.

No. 7976. Decided January 13, 1943.
Rehearing overruled February 10, 1943.
(167 S. W., 2d Series, 728.)

*Martin, Moore & Brewster* and *Harris Brewster*, all of Fort Worth, and *Houghton Brownlee*, of Austin, for petitioner.

It was error for the Court of Civil Appeals to hold that the dissolution of the defendant corporation, being a foreign corporation without a permit to do business within the State, did

not abate the suit for penalties. Citing cases mentioned in the opinion.

*Gerald C. Mann,* Attorney General, *Geo. W. Barcus, Frederick B. Isely, Walter R. Koch,* and *Ocie Speer,* Assistants Attorney General, for respondent.

The court correctly refused to dismiss or abate the suit upon motion that the defendant, a foreign corporation, had dissolved its corporate existence. Cushman v. Warren-Scharf Asphalt Co., 220 Fed. 857; State v. Bank of Tennessee, 5 Baxt., 101; Becker v. Cooper, 22 S. W. (2d) 1083.

MR. JUSTICE ALEXANDER delivered the opinion of the Court.

This suit was brought by the State of Texas against Miller Management Company, Inc., a Tennessee corporation, for the recovery of penalties for the alleged transaction of intrastate business in Texas without a permit. The verdict of the jury was favorable to the plaintiff, and judgment was entered in its behalf in the sum of $10,000.00. Upon appeal to the Court of Civil Appeals the judgment was reversed and the cause remanded for new trial because of certain procedural errors. 159 S. W. (2d) 218.

The State has not complained of the judgment of reversal. The defendant, however, sought and obtained a writ of error to this Court, and here contends that since it appears from the record, without dispute, that after the suit had been filed and prior to the trial of the case the defendant corporation, through its stockholders and directors, voluntarily surrendered its charter and requested its dissolution as such, the State's suit for penalties abated.

■ It may be conceded, as contended by the defendant, that as a general rule, in the absence of a statute to the contrary, an action for penalties, such as this, abates upon the death of the defendant, or the dissolution of its corporate existence, where it is a corporation. State v. Schuenemann, 18 Texas Civ. App. 485, 46 S. W. 260 (writ refused); Mason v. Adoue, 30 Tex. Civ. App. 276, 70 S. W. 347 (writ refused); Johnson v. Rolls, 97 Texas 453, 79 S. W. 513; Ellis v. Brooks, 101 Texas 591, 102 S. W. 94; Whorton v. Nevitt (Tex. Civ. App.), 42 S. W. (2d) 1056.

But the rule above announced has no application here because we have a statute to the contrary. Revised Statutes Article 1374 provides as follows:

"Art. 1374. Any action or cause of action for any fine, forfeiture or penalty that the State of Texas has, or may have, against any corporation chartered under the laws of this or any other state, territory or nation, shall not abate or become abated by reason of the dissolution of such corporation, whether voluntary or otherwise, or by the forfeiture of its charter or permit."

■ It is true that in the case of State of Texas v. Standard Oil Co., 130 Texas 313, 107 S. W. (2d) 550, 561, this Court held that Articles 1372, 1373, 1375, and 1377 of our Revised Statutes, which were parts of the same original Act as Article 1374 (see Acts 1907, p. 175, ch. 87) applied only to domestic corporations and to foreign corporations operating in this State under permits. That holding was based on the fact that the original Act in dealing with the same subject matter as that dealt with in Articles 1372, 1373, 1375, and 1377, was by its terms made applicable only to "corporations created under the laws of this State, or any foreign corporation authorized to do business in this State." When those Articles were brought forward in the recodification of the statutes the above-quoted language was changed to read: "any domestic or foreign corporation in this State." In the case above cited it was held that this change in the language of the statute was insufficient to indicate any legislative intent to change the statute so as to make those Articles applicable to foreign corporations operating in this State without permits. We do not question this decision as applied to the question of law it decided, but it should be noted that the court there was dealing with the right of the State to levy a writ of attachment and fix a lien on the property of a foreign corporation for a violation of the Anti-Trust Law,— a subject dealt with in Articles 1372, 1373, 1375, and 1377,— and was not dealing with the nonabatement of suits for penalties against corporations upon their dissolution—which subject was dealt with in Article 1374. While the court in that opinion in one place used broad language; to the effect that the whole Act (Acts 1907, ch. 87, p. 185) was confined to domestic corporations and foreign corporations authorized to do business in this State, later in the same opinion the decision was confined to the subject then before the court, and dealt only with in Articles 1372, 1373, 1375, and 1377. It was there said: "Under the existing statutes, as codified in 1925, it is

plain that article 1373 creating liens, article 1375 relating to receiverships, and articles 1377 relating to foreclosures of the created liens, etc., apply only to domestic corporations and to foreign corporations operating in the State under permits." It should be noted, also, that Article 1374, as now embodied in our statute, is in identically the same language as the original Act, and that the original Act, when adopted by the Legislature, in plain language made that part of the statute with reference to the nonabatement of suits for penalties applicable alike against all corporations, whether incorporated under the laws of this or any other State, and without regard to whether they were operating in this State under a permit. In our opinion, it was not the intention of the court in the above cited case to hold that the subject dealt with in Article 1374—the nonabatement of suits for penalties against corporations upon their dissolution—applied only to domestic corporations and to foreign corporations authorized to do business in this State. Consequently it is now the law in this State, and has been the law continuously since the adoption of the above Act in 1907, that a suit by the State for the recovery of penalties against any foreign corporation, regardless of whether it does or does not have a permit to do business in this State, does not abate upon the dissolution of the corporation.

The defendant further contends that, even though the cause of action for penalties survived the dissolution of the corporation, the suit could not be maintained against the corporation in its corporate name, but should have been abated until the trustees of the dissolved corporation had been joined as defendants.

■ The question of whether a foreign corporation continues in existence, after the surrender of its charter, for the purpose of pending suits is to be determined by the statutes and laws of the State in which the corporation was created. 11 Tex. Jur. 210; Oklahoma Natural Gas Co. v. Oklahoma, 273 U. S. 257, 71 L. ed. 634, 47 S. Ct. 391; 3 Hildebrand, Texas Corporations, 403. The statutes of the State of Tennessee, (Code 1932, sec. 3756-7), where this corporation was created, read in part as follows:

"The filing of said certificate in the office of the Secretary of State shall operate as a surrender to the state by the corporate of all its corporate franchises and privileges, and shall

have effect to annul the charter of said corporation, and its right to continue the corporate business shall thereupon cease and determine; provided, however, that the rights of the creditors of said corporation to the satisfaction of debts out of the corporate assets shall not be prejudiced thereby, and provided also that the corporation shall continue to exist for the purpose of winding up its affairs so long as may be necessary for that purpose, but no longer, or otherwise.

"* * * and all suits necessary and proper to be brought in order to effect a settlement of the affairs of said corporation may be brought by said trustees in the name of the corporation, and no suit pending on behalf of or against said corporation at the time of the surrender of its charter in the manner herein provided shall abate because 'of such surrender, but may be prosecuted to final judgment or decree."

It is clear that under the foregoing statutes the corporation continued in existence, even after the surrender of its charter, for the purpose of defending and disposing of this suit, which was pending at the time of the surrender of its charter. Oklahoma Natural Gas Co. v. Oklahoma, supra; Sinnott v. Hanan, 214 N. Y. 454, 108 N. E. 858; Harris-Woodbury Lbr. Co. v. Coffin, 179 Fed. 257; Cushman v. Warren-Scharf Asphalt Co., 220 Fed. 857; Burkburnett Refining Co. v. Ilseng, 116 Texas 366, 292 S. W. 179; 8 Fletcher Cyclopedia on Corporations (Perm. Ed.), p. 9200; Farmer's Mill & Elevator Co. v. Hodges, 248 S. W. 72; Chevrolet Motor Co. v. Morris Motor Co., 269 S. W. 872.

From what has been said, it is apparent that the defendant has presented no valid ground that would require the rendering of judgment in its favor. The State has not complained of the ruling of the Court of Civil Appeals in remanding the cause for a new trial. Accordingly the judgment of the Court of Civil Appeals, reversing the judgment of the trial court and remanding the cause for a new trial, is affirmed.

Opinion delivered January 13, 1943.

Rehearing overruled February 10, 1943.