**SMITH v. BASHAM et al.**

No. 14168.

Court of Civil Appeals of Texas. Dallas.
Feb. 10, 1950.

Rehearing Denied March 10, 1950.

Bonney, Paxton & Wade and J. B. Look, Jr., all of Dallas, for appellant.

Mike McKool, of Dallas, for appellees.

BOND, Chief Justice.

This suit was instituted by appellees George D. Basham and wife Mildred E. Basham, Claude H. Smith and wife Jeannette Smith, Warren T. Leake and wife Reba L. Leake, Mrs. Maurice H. Collins, a feme sole, and Mrs. Frances M. Ransdell, a feme sole, against Mrs. Katherine Louise Aldredge for violation of the Federal Emergency Price Control Act, 50 U.S.C.A.Appendix, 901 et seq., and the Housing and Rent Act, 50 U.S.C.A.Appendix, § 1881 et seq., as related to rent regulations for hotels and rooming houses within the Dallas defense rental area.

The specific charges against Mrs. Aldredge were that, as landlord and in complete control of housing accommodations, within the terms of the Housing and Rent Act, she demanded and received from the various plaintiffs, in violation of such Act and regulations, rents for the use and occupancy of her housing accommodations in excess of the maximum rent established and lawfully permitted to be charged therefor; and by reason thereof the plaintiffs, in severalty, sought judgment for three times such overcharges; and, jointly and severally, for attorney's fees.

After the institution of the suit Mrs. Aldredge died leaving a will, duly probated, in which she devised and bequeathed all of

her property, real and personal, to her daughter Katherine Aldredge Smith in trust for the deceased's grandchildren, Katherine Macrae Smith and Bayard Martin Smith, Jr., and therein appointed Bayard Martin Smith executor of her will. Soon after the death of Mrs. Aldredge, plaintiffs filed their first amended original petition making the trustee and executor, as above stated, substitute defendants and sought judgment personally against each of them, jointly and severally, for the several amounts of three times the rental overcharges and attorney's fees as was sought against the deceased. The suit, as amended, is *in personam*, as distinguished from one *in rem*.

The substitute defendants interposed special pleas, numerous special exceptions in answer to plaintiffs' amended petition, to the effect that the triple damages and attorney's fees alleged in plaintiffs' petition, being in the nature of penalties for violation of the Housing and Rent Act, did not survive the death of the landlord. The special pleas and exceptions were by the trial court overruled; defendants excepted and reserved appropriate assignments of error.

The trial was to a jury on special issues, resulting in findings that Katherine Louise Aldredge, deceased, willfully and intentionally charged, demanded, and received from the plaintiffs George D. Basham and wife for housing accommodations the sum of $75 in excess of the maximum rent established and permitted to be charged therefor; from the plaintiffs Claude H. Smith and wife the sum of $133.91 and from plaintiff Frances M. Ransdell the sum of $110.00. There was no issue submitted, or finding, as to the other named plaintiffs.

Judgment was rendered by the trial court on such verdict on April 16, 1949, in favor of the respective plaintiffs as named in the verdict, and against the trustee and executor defendants, jointly and severally, for three times the sums listed above as overcharges for rent exacted by the deceased; and in favor of all plaintiffs, jointly, against Katherine Aldredge Smith, trustee, and Bayard Martin Smith, executor, jointly and severally, for the sum of $250 attorney's fees. The defendant's motions for non obstante veredicto and new trial were both overruled and the executor of the state appealed.

█ We are confronted, first, with appellees' motion to dismiss the appeal for the reason that appellant's first amended motion for a new trial was filed on May 14, 1949 and was not "presented" to the trial court within 30 days after filing; hence overruled by operation of law on June 14, 1949, Rule 330(j), Texas Rules of Civil Procedure; and as appellant's appeal bond filed on July 18, 1949 was not filed within 30 days after the motion for new trial, was thus overruled (Rule 356); and the transcript not having been filed (August 16, 1949) in this Court within the 60-day period from June 14, 1949 (Rule 386), this Court did not acquire appellate jurisdiction in this cause.

If appellees' premise that appellant's amended motion for new trial was not "presented" to the trial court within the 30 days after filing is correct, the appeal should be dismissed for the lack of this Court's jurisdiction under the applicable Rules; but, if the motion was unconditionally presented within the 30 days, it would be overruled by operation of law 45 days after filing; in which event, the motion was overruled on June 29, 1949, and the appeal bond, filed on July 18, 1949, and the record on appeal on August 16, 1949, this Court acquired jurisdiction.

█ A presentment of an amended motion for new trial, timely filed, is jurisdictional for extension of time from 30-day period to 45 days, after which the motion is overruled by operation of law. Jurisdictional questions are ordinarily determined by an inspection of the record or transcript thereof, but the inquiry as to appellate jurisdiction is not in all cases limited to the record. The appellate courts are empowered by statute to ascertain upon affidavit or otherwise such matters of fact as may be necessary to the proper exercise of their jurisdiction. 3-A Tex.Jur., p. 42, sec. 34. It, therefore, is not a requisite on appeal that the "presentment" of an amended motion for new trial be acknowledged by the trial court, nor is it a matter to be in writing or noted on the court records. If the motion unconditionally was presented

to the trial court within the time as required by Texas Rules of Civil Procedure, and the jurisdictional question is raised on appeal, such matters of fact may be ascertained by appellate courts from evidence dehors the record.

Appellees' motion to dismiss the appeal having raised the question of jurisdiction and the transcript of the record not showing that appellant's motion for a new trial was presented to the court within 30 days after filing, as required by the Rule, supra, appellant filed, with permission of this court, supplemental transcript showing evidence in parol and statement or judgment of the trial court that appellant's amended motion was actually presented to him on June 7, 1949, "taken under advisement of the trial court from day to day", and, on the 18th day of June, 1949, having heard argument by all parties, and overruling the motion on June 21, 1949, the motion was presented as to give jurisdiction to this appeal. We think the evidence and the record as presented justify the conclusion; therefore, overrule appellees' motion to dismiss this appeal.

Turning to a consideration of the merits: Plaintiffs' suit against the trustee and the executor of the will of Mrs. Aldredge is, as alleged, one in personam for debt resulting from acts and practices of the deceased in violation of law. Appellees' debt is in effect against the estate of Mrs. Aldredge; and, upon her death, her estate being administered under her will by the executor and trustee, the debt against such representatives was cognizable only in the probate court. The representatives, devisees or legatees, may be held liable, to the extent of their distributive share of the deceased's property, for debts due by the testatrix. Ansley v. Baker, 14 Tex. 607, 65 Am.Dec. 136; Van v. Webb, 147 Tex. 299, 215 S.W.2d 151.

The applicable statute, Art. 3314, R.S. (omitting irrelevant parts) reads: "When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will shall vest immediately in the devisees or legatees; * * * subject however, to the payment of the debts of the testator * * * except such as may be exempted by law; * * *." A creditor under this statute cannot have personal judgment against the heirs, devisees or legatees, or legal representatives of the estate of a decedent. The property of deceased shall be liable for decedent's debts. Blinn v. McDonald, 92 Tex. 604, 46 S.W. 787; and he who receives property of the estate does not thereby become personally liable to creditors of the estate except to the extent of the property received. McFarland v. Shaw, Tex.Com.App., 45 S.W.2d 193; and the creditor must enforce his claim through administration, where the estate is not distributed; not directly against heirs, devisees or legatees. Jones v. Hunt, Tex.Civ.App., 60 S.W.2d 1106. Hence in such an action by a creditor against heirs, devisees or legatees, or legal representatives to enforce a statutory lien which he may have against the decedent's property for payment, he must allege the estate has been distributed to the heirs, devisees, legatees, or representatives, and on trial must prove what specific property came into the hands of the distributees. In Westerfeld v. Stout, Tex.Civ.App., 129 S.W.2d 478, 479, the court said: "Under the statute (3314) and decisions the debt of an ancestor is a lien upon his estate, which the creditor may enforce through an action against the heirs to whom the estate has descended and been distributed." (Citing numerous authorities.)

It will be seen from the record that plaintiffs have neither alleged nor proved that the defendants (trustee, executor, or devisees) had received any property of the deceased charged with the statutory lien for payment of their debts against the deceased; and there is no proof in the record showing that any of the estate was or had ever come into the hands of the defendants. In consequence, the findings of the jury and the judgment of the trial court holding to the effect that the trustee and executor of the will of Mrs. Aldredge were each personally liable, jointly and severally, for plaintiffs' claim, are fundamentally without support in law.

This appeal presenting fundamental error, it becomes the duty of this

Court, with or without assignments or points of error, to decide the issue; and having determined this appeal on such substantive law, it becomes our further duty to reverse the judgment of the trial court and remand the cause; and, in doing so, it is necessary to decide whether or not plaintiffs' cause of action for three times the amount of the several overcharges for rent survives the death of the wrongdoer. This question has not been directly passed on by Texas Courts. However, Texas Courts have uniformly held that action for penalties abates upon the death of the wrongdoer. Whorton v. Nevitt, Tex.Civ.App., 42 S.W.2d 1056; Johnson v. Rolls, 97 Tex. 453, 79 S.W. 513; Wright's Adm'x v. Donnell, 34 Tex. 291; 1 Tex.Jur. 36, 37. The question remains: Are treble damages and attorney's fees classed as penalties for the violation of Federal Housing and Rent Act? In 1 Tex.Jur. 36, 37 the text is: "It is a rule at common law, and it is the rule in Texas, that a cause of action to recover penalties imposed by statute abates upon the death of the wrongdoer in the absence of any statute providing for survival. And when a statute gives to aggrieved private citizens a right to recover a penalty imposed thereby and makes no provision for survival, a suit by one aggrieved abates upon his death." See Ellis v. Brooks, 101 Tex. 591, 102 S.W. 94, 103 S.W. 1196.

In Strickland v. Sellers, D.C. N.D.Tex., 78 F.Supp. 274, opinion by Judge Dooley, is reflected the view that action for treble damages is a penalty for violation of the rent control Act; also, in Whorton v. Nevitt, supra, it is said that "A penalty is a sum of money of which the law exacts payment by way of punishment for doing some act that is prohibited, or omitting to do some act that is required to be done. The term involves the idea of punishment. 25 C.J. 1178." [42 S.W.2d 1057] Such, we think, also applies to attorney's fees. The provision for recovery of attorney's fees under the Price Control Act is in substance the same as the Emergency Housing Act which has been held, in Hinds v. Fine, 162 Kan. 328, 176 P.2d 847, to be a penalty. And in Gulf C. & S. F. Ry. Co. v. Ellis, Tex.Sup., 18 S.W. 723, Freeman v. Walker & Sons,

Tex.Com.App., 212 S.W. 637, First Texas Prudential Ins. Co. v. Long, Tex.Com.App., 46 S.W.2d 297, it has been held that attorney's fee is a penalty. So, we sustain appellant's assignment that on the death of the landlord the overcharges and attorney fees did not survive the death of the alleged wrongdoer. On another trial same should not be allowed as a claim against the representatives in rem, and certainly not in personam. Furthermore, the evidence appears insufficient in this appeal to support the finding of the jury and the judgment of the court as to the amount of the overcharges; but as the cause must be tried anew, we deem it not necessary here to labor the issue.

The judgment, therefore is reversed and cause remanded.