## J. T. Robinson v. National Surety Company.

### Decided March 18, 1903.

'1.—Evidence—Execution of Instrument.

Evidence considered and held sufficient to establish the execution of several instruments constituting, together, a bond of indemnity to secure the faithful discharge of duty by an employe of a railway.

2.—Surety Company—Penalty.

An action under the statute (Acts of 1897, chap. 165, sec. 10, p. 246) to recover the penalty imposed thereby upon a surety company for failing to furnish a statement of reasons for its refusal to again guaranty the fidelity of a person for whom it has once acted as surety can not be maintained where the proof shows that it did make such contract of guaranty, but afterwards withdrew from it, the refusal to guaranty and withdrawal from a guaranty given being distinguished in the statute.

Error from the County Court of Milam. Tried below before Hon. R. B. Pool.

Robinson brought suit against the surety company and prosecuted error from a judgment for defendant.

Justice Streetman, having been of counsel, did not sit in this case, and T. B. Cochran, Esq., was qualified as Special Associate Justice.

*Hefley, McBride & Watson,* for plaintiff in error.

*Sam Streetman, Henderson, Freeman & Fowler,* and *Baker, Botts, Baker & Lovett,* for defendant in error.

COCHRAN, Special Associate Justice.—This is a proceeding by plaintiff in error to recover from the defendant in error, as a penalty, $500 for failure to furnish a statement in writing of the facts constituting the basis of its alleged refusal to become surety for his fidelity as an employe of the Gulf, Colorado & Santa Fe Railway Company.

The case was tried by the court without a jury and judgment rendered for defendant, from which the plaintiff sued out a writ of error, and a reversal of the judgment is sought on the admission of certain papers in evidence by which the defendant proved that upon plaintiff's application it became his surety and so remained for about three months, when it was released by its own request.

The plaintiff in error assigns no error as to the legal effect of the papers, and we find that the papers do show that defendant in error became surety for plaintiff in error upon his application, and did not refuse to do so, as alleged in his petition.

The contention of the plaintiff in error is that there was no proof of the execution by defendant in error of the documents constituting the bond to the railway company, and that these papers were improperly admitted in evidence.

Without narrating the circumstances connected with the production of these instruments, we are of opinion, and so find, that the testimony

of the agent of the railway company from whose custody the papers were produced, was sufficient to establish their execution.

The bond consisted of four separate papers. The first being what is denominated a blanket or schedule bond, No. 3447, dated January 5, 1898, which provides for its continuance by renewal from year to year, by notice of a desire on the part of the railway company so to do, without the execution of another instrument. This instrument contains a list of the employes whose fidelity was guaranteed, and provides for its extension to new employes upon notice of their employment, and for withdrawal by the surety company upon notice to the railway company.

The second instrument is a certificate renewing the said bond for the year 1901, reciting its number and date, and providing for the guaranty of employes working under joint employment with other railroads.

The third paper is the notice by the railway company to the surety company of the plaintiff in error's employment; and the fourth is the acknowledgment of receipt of this notice by the defendant in error, dated June 8, 1901. Each of these papers refer to the above schedule bond by number.

The record shows that the witness was permitted to testify that the employes of the railway company were, in the main, bonded by the defendant in error, and, after producing the papers to which objection is made, states that the blanket or schedule bond was "executed by the defendant, National Surety Company." He then states that the second paper "is a renewal of said bond for the year 1901;" and referring to the other papers states that these "are the notices sent out and received from the defendant by the Gulf, Colorado & Santa Fe Railway Company, with reference to the bonding of plaintiff and to his discharge."

The third paper the witness wrote, and the fourth, being the reply, his testimony shows he personally received as its proper custodian.

The plaintiff in error fails to show that this witness did not have personal knowledge of the execution of the bond and the certificate of renewal, even if it be conceded that the execution of these papers was not sufficiently shown by circumstances; hence we conclude that the record discloses a case of withdrawal from a bond after execution, and not a refusal to make the bond, as alleged.

*Conclusions of Law.*—The statutory right to recover a penalty against a surety company is given where the company withdraws from a bond which it has made, or having once become surety for the fidelity of the complainant, refuses to do so again; and in either case fails to state its reasons for so doing within thirty days after request therefor. Act of 1897, chap. 165, sec. 10, p. 246.

The plaintiff in error predicates his suit upon the second ground named in the statute, and the right of recovery being of a penal nature, not founded upon any actual injury, the burden is upon the plaintiff

to bring his case clearly within the law.   Schloss v. Railway Co., 85 Texas, 601.

It is not necessary that we should consider the constitutionality of the law which seeks under penalty to compel a disclosure from the surety company of its reasons for refusing to make or continue bound upon a contract between private parties; or to consider whether a suit may be maintained for the penalty alone, as is attempted in this case, without showing actual injury and claiming the penalty by way of punitory damages, as is indicated in the statute by the words "shall be liable to such person injured in the sum of five hundred dollars, in addition to all other damages caused thereby."

It is sufficient that we hold, as we do, that the plaintiff claims the penalty for refusal to make bond for him on his application therefor, when the evidence properly admitted shows that the bond was made, and that defendant in error subsequently withdrew its suretyship, and that plaintiff in error is not entitled to the aid of the courts in recovering the penalty on a different ground from that laid in his petition.

The judgment is affirmed.

*Affirmed.*