

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable G. A. Real
County Auditor
Ellis County
Waxahachie, Texas

Dear Sir:

Opinion No. O-6152
Re: Can the Commissioners' Court
of Ellis County allow a part
salary out of the General
Fund of the County to in-
crease the salary of the
stenographer in the County
Attorney's office for the
purpose of being an assist-
ant to the Delinquent Tax
Collector?

Your request for an opinion on the above question
has been received and, after careful consideration thereof,
it is our opinion that said question should be answered in
the negative for the following reasons:

Article 3902, Vernon's Annotated Revised Civil
Statutes, reads in part as follows:

"Whenever any district, county or precinct
officer shall require the services of deputies,
assistants or clerks in the performance of his
duties he shall apply to the County Commissioners'
Court of his county for authority to appoint such
deputies, assistants or clerks, stating by sworn
application the number needed, the position to be
filled and the amount to be paid. Said application

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSIST

shall be accompanied by a statement showing
the probable receipts from fees, commissions
and compensation to be collected by said office
during the fiscal year and the probable disburse-
ments which shall include all salaries and ex-
penses of said office; and said court shall
make its order authorizing the appointment of
such deputies, assistants and clerks and fix
the compensation to be paid them within the
limitations herein prescribed and determine
the number to be appointed as in the discretion
of said court may be proper; provided that in
no case shall the Commissioners' Court or any
member thereof attempt to influence the appoint-
ment of any person as deputy, assistant or clerk
in any office. Upon the entry of such order the
officers applying for such assistants, deputies
or clerks shall be authorized to appoint them;
provided that said compensation shall not exceed
the maximum amount hereinafter set out. . . ."

The case of Cameron County v. Fox, et al., 42 S. W.
(2d) 653 was a suit by Cameron County against a Tax Collector
of said county and the surety on his official bond to recover
certain fees of office which said Tax Collector had collected
and which he was alleged to have unlawfully retained. One of
the questions involved in said case and upon which the Court
passed was whether or not said Tax Collector was entitled to
credit for various sums paid by him to his deputies in addition
to the maximum salaries lawfully fixed and due them, said addi-
tional sums being paid as "over-time", and the Court made the
following holding in regard thereto:

"A more serious question is raised in appel-
lant's sixth proposition, however. It appears
from the record that during the seven years in
controversy appellee not only paid his deputies
the maximum salaries lawfully fixed and due them,
but also paid them, as 'overtime' and in addition
to their salaries, the sum of $5,525. This sum
was charged as expenses of the office of appellee
as tax collector, and retained by him out of the
fees of office collected by him. The county sought
in the suit to recover this sum of appellee, which

was denied by the trial court. Upon this issue the trial court found as a fact that: 'The $5,585.00 paid to his deputies as hereinbefore found, for overtime, was judiciously and beneficially spent by the Defendant Fox in behalf of and for Cameron County; after the question of paying the deputies who drew overtime pay, as shown in the audit produced in evidence before me, had been investigated and thoroughly considered by the then County Auditor and County Commissioners' Court of Cameron County, the then Criminal District Judge and the then various grand juries, who reviewed the matter, and the conclusion reached by all of said bodies and persons was that it was to the best interest of Cameron County to pay said deputies for overtime services, and I find that as a result of said employment, Cameron County got value received, and that the Defendant Fox and the Commissioners' Court acted in the premises for the best interest of Cameron County.'

"Upon this finding the court concluded as a matter of law that appellee 'had the legal right to pay his deputies and assistants said sum * * * for overtime work done and performed by them'

"The statute fixes the 'maximum compensation,' which may be paid to deputies and assistants in tax collectors' offices, and expressly provides that 'said compensation shall not exceed the maximum amounts' so fixed. Article 3902. We conclude that such limitation is mandatory and may not be disregarded in any event by county officials. Any other rule would have the effect of absolutely setting aside a plain and unequivocal statutory command, for, if a county official, under given circumstances, may apply public funds to the payment of any amount of excess compensation to his deputies and assistants, he may apply such funds in larger amounts according to varying circumstances, and in that way usurp the legislative authority and thwart the legislative will, as his own judgment and conscience dictates. We hold that appellee, acting alone or with the knowledge and approval of the commissioners' court or other authority, had no power to divert public funds to the payment of compensation to his deputies and assistants in excess of the

Honorable G. A. Neal, Page 4

maximum compensation prescribed by the Legislature. Steusoff v. Liberty County, supra,

"It is apparently true that these excess payments were for services fully earned by appellee's appointees, and that as a practical matter the cost thereof to the county was less, and the work more efficiently done, than if additional help had been employed to perform the additional services rendered by the regular staff outside the course and time of their regular duties. But this fact cannot serve to clothe county officials with a power so expressly denied them by the statute. We sustain appellants's sixth proposition."

This holding was approved by the Commission of Appeals, 61 S. W. (2d) 433, in the following language:

"The remaining assignment contained in the application of Fox and his surety has reference to the item of $5,585 paid by Fox to his deputies for 'overtime work,' and for which sum Fox claims credit. It appears that the payment for the overtime work was in addition to the maximum salaries of the respective deputies, as provided by statute. These 'overtime' payments were charged by Fox as expenses of the office, and retained by him out of the fees of office collected by him. This seems to have been done with the consent and approval of the commissioners' court of the county. In our opinion, the commissioners' court was powerless, after article 3903 of the Revised Statutes of 1911, as amended in the year 1921, became effective, to allow Fox credit for these 'overtime' payments. Acts of 1921, Reg. Sess., c. 96. Said article, as amended in that year, as well as succeeding amendments, expressly limited the amount of compensation to be paid to deputies or assistants of the tax collector, from fees of office which would otherwise go to the county. The maximum amounts allowable for compensation to deputies and assistants were expressly declared.

Honorable G. A. Noal, Page 5

The obvious purpose of the Legislature, in pre-
scribing these maximum amounts, was to exclude
from all county agencies, including the commis-
sioners' court, the power to make a greater al-
lowance to the tax collector, in that respect,
than the statute prescribed. . . ."

A similar holding was made in the case of Hood, et al
v. State, et al., 73 S. W. (2d) 611, writ refused, in which there
was involved the right of a sheriff to pay his deputy in excess
of the maximum salary for extra work not required of him, and
the Court held as follows:

"The item paid by the sheriff to a deputy
in his office, under the authority granted by
the commissioners' court, for extra work above
the maximum salary for such deputy, is an il-
legal allowance and payment. The Legislature
(article 3902, R. S.) has fixed the maximum
amount that a sheriff may pay his deputies,
and such limitation is mandatory and may not
be disregarded in any event by the county of-
ficers. The statute expressly provides that
'compensation shall not exceed the maximum
amounts' so fixed; thus, of county officers
were permitted to disregard the plain mandatory
provisions of the statute and pay deputies more
than the maximum amount, such, in effect, would
be setting aside a plain and unequivocal statu-
tory demand, which officers have no right to do."

We think it is clear from the statute above quoted
and the principles of law laid down in the decisions above
referred to and quoted from that the Commissioners' Court of
Ellis cannot allow a part salary out of the General Fund of
the County to increase the salary of the stenographer in the
County Attorney's office for the purpose of being an assistant
to the Delinquent Tax Collector, as to do so would be allowing
compensation in excess of the maximum amount fixed by statute,
a power expressly denied said Commissioners' Court by the
statutes. For your information, however, we hand you herewith
copies of our Opinions No. 0-1620 dealing with the authority
of the County Attorney to hire stenographers and No. 0-1874

Honorable G. A. Neal, Page 6

dealing with the authority of a County Attorney to hire a clerk.

Having been informed by a supplemental communication from you that the County had employed an assistant to the County Attorney whose only duties are to look after the collection of delinquent taxes and who is paid a salary each month out of the General Fund of the County, such assistant being the Delinquent Tax Collector referred to in your original inquiry and for whom it is desired to procure an assistant in the person of the stenographer in the County Attorney's office, we direct your attention to the provision of Article 1312 (c), Section 4, Vernon's Annotated Civil Statutes of Texas, to the effect that the payment of the salaries of all deputies, assistants and clerks of officers who are drawing salaries from the Officer's Salary Fund shall be paid from said Officer's Salary Fund. It is provided, however, that the Commissioners' Court shall transfer from the General Fund of the County to the Officer's Salary Fund such county funds as may be necessary to pay the salaries and other claims chargeable against the same when the moneys deposited therein are insufficient to meet the claims payable therefrom. (Art. 1312 (c), Section 6 (b) ).

Trusting that this satisfactorily answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Jas. W. Bassett
Jas. W. Bassett
Assistant

SEP 23 1944

GENERAL OF TEXAS

JWB:fo

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN