

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00004-CV

**RATTLESNAKE RIDGE VENTURES, LLC**,
Appellant

v.

Alicia **ORTIZ**, Individually and as Next Friend of M.D.M. and A.D.M.,
Appellee

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. DC-21-372
Honorable Baldemar Garza, Judge Presiding

Opinion by: Patricia O. Alvarez, Justice

Sitting: Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: August 3, 2022

REVERSED AND RENDERED

This is an appeal from the trial court's order denying the defendant's special appearance, granting the plaintiff's motion to show authority, and striking the defendant's special appearance and answer pleadings.

Because the plaintiff failed to meet her burden to prove that the defendant's actions were within the reach of Texas's long-arm statute, and the undisputed jurisdictional evidence shows the defendant was not a resident of, or doing business in, Texas, the trial court erred when it denied the defendant's special appearance. Accordingly, we reverse the trial court's order denying the

defendant's special appearance, we vacate the trial court's order granting the plaintiff's motion to show authority and striking the defendant's pleadings, and we render judgment dismissing the plaintiff's claims against the defendant for want of personal jurisdiction.

## BACKGROUND

The underlying case arose from a traffic accident in Minnesota.

### A.  Traffic Accident

On July 29, 2021, Ramon Arturo Moya Jr., a resident of Starr County, Texas, was driving eastbound on Interstate Highway 90, near Austin, Minnesota.  The pickup truck Moya was driving was owned by A&L Express LLC, a Texas limited liability company.  In the pickup truck with Moya were Melanie Diane Moya and Angel Darian Moya, minor children, riding as passengers.

On the same highway, Danny Ralph Hoffman, a resident of another state,[1] was driving a semi-tractor trailer owned by Rattlesnake Ridge Ventures, LLC, a Wyoming limited liability company.  When Moya braked to avoid hitting another vehicle, Hoffman's tractor trailer rear-ended the pickup truck Moya was driving.  Neither of the children in the pickup truck were wearing seatbelts at the time of the accident, and both were injured.

### B.  The Lawsuit

On August 19, 2021, Alicia Ortiz, a resident of Starr County, Texas, individually and as next friend of the two minor children, sued Moya.  Ortiz later added A&L Express LLC; Rattlesnake Ridge Ventures, LLC (RRV); and Hoffman as defendants.

Hoffman is the registered agent for RRV.  On October 14, 2021, RRV and Hoffman filed a special appearance.

---

[1] Ortiz's pleadings show Hoffman's residence as Minnesota, but RRV's attorneys denied that he lives in Minnesota. There was no evidence that Hoffman resides in Texas.

After a hearing, the trial court granted Hoffman's special appearance, but it denied RRV's special appearance.

When Ortiz sued RRV, it had not filed its 2019 annual report, and it had been administratively dissolved by the Wyoming Secretary of State.

The trial court granted Ortiz's motion to show authority, and it struck RRV's special appearance and answer pleadings.

On January 3, 2022, RRV filed its notice of accelerated appeal. Subsequently, it moved this court to review the trial court's January 10, 2022 order which granted Ortiz's motion to show authority and struck RRV's special appearance and answer pleadings. In its brief, RRV argues the trial court erred by denying its special appearance.

### LIMITED LIABILITY COMPANY STATUS

Before we address RRV's special appearance, we address the prerequisite issue of RRV's status as a legal entity at the time it filed its special appearance.

#### A. Parties' Arguments

Ortiz, citing Wyoming and Texas law, contends that RRV's special appearance pleading was a legal nullity because, when it filed its special appearance, RRV had been dissolved and its rights and privileges forfeited. She argues that RRV's attorneys had no authority to file RRV's special appearance and answer. Thus, when RRV filed its jury demand and later appeared at the special appearance hearing, its actions constituted general appearances and subjected RRV to the trial court's jurisdiction.

RRV argues that under Wyoming law, when its privileges were reinstated, the reinstatement related back to the date of dissolution as if the LLC had never been dissolved, and its attorneys acted with its authority when they filed its special appearance.

**B.      Established Facts**

The following facts pertaining to RRV's dissolution and reinstatement are undisputed or conclusively established.

RRV is a limited liability company organized under the laws of Wyoming in 2018.  On February 8, 2020, RRV was administratively dissolved for failure to file its 2019 annual report and pay its annual license tax.

The accident involving RRV's vehicle occurred on July 29, 2021.  Ortiz filed suit on August 19, 2021.  And RRV filed its special appearance on October 14, 2021.  During this period, for all three dates, RRV's rights and privileges as a limited liability company had been administratively dissolved.

On November 22, 2021, after it filed its annual reports and paid the applicable fees, RRV's certificate of dissolution was cancelled, and RRV's privileges were reinstated.

**C.      LLC Dissolution, Reinstatement**

A crucial question is what effect RRV's dissolution and reinstatement had on its special appearance in the underlying case.

*1.      Applicable Law*

"Generally, the issue of which state's law applies is a question of law we resolve by reviewing the record de novo."  *Compaq Computer Corp. v. Lapray*, 135 S.W.3d 657, 672 (Tex. 2004); *accord Hughes Wood Products, Inc. v. Wagner*, 18 S.W.3d 202, 204 (Tex. 2000).

"The question of whether a foreign corporation continues in existence, after the surrender of its charter, for the purpose of pending suits is to be determined by the statutes and laws of the State in which the corporation was created."  *Miller Mgmt. Co. v. State*, 167 S.W.2d 728, 730 (Tex. 1943); *accord Baker Hughes Inc. v. Brooks*, 405 S.W.3d 246, 250 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

Given RRV was created under the laws of Wyoming, we look to its statute governing administrative forfeiture of authority:

> If any limited liability company has failed to pay the fee required by W.S. 17-29-210 or any penalties imposed under W.S. 17-28-109, it shall be deemed to be transacting business within this state without authority and to have forfeited any franchises, rights or privileges acquired under the laws thereof. The forfeiture shall be made effective in the following manner. The secretary of state shall provide notice to the limited liability company at its last known mailing address by first class mail or by electronic means. Unless compliance is made within sixty (60) days of the date of notice the limited liability company shall be deemed defunct and to have forfeited its articles of organization or certificate of authority acquired under the laws of this state. Provided, that any defunct limited liability company may at any time within two (2) years after the forfeiture of its articles of organization of certificate of authority, be revived and reinstated by paying the amount of the delinquent fees. *When the reinstatement is effective, it relates back to and takes effect as of the effective date deemed defunct pursuant to this subsection and the limited liability company resumes carrying on its business as if it had never been deemed defunct.*

WYO. STAT. ANN. § 17-29-705(b) (emphasis added); *accord Mayflower Rest. Co. v. Griego*, 741 P.2d 1106, 1112 (Wyo. 1987) ("We conclude therefore, that the reinstatement of a repealed corporate charter relates back to the date of forfeiture and validates acts of the corporation in the interim.").

2.      *Effect of LLC Dissolution, Reinstatement*

On this choice of law question, we conclude that Wyoming law applies. *See Miller Mgmt.*, 167 S.W.2d at 730; *Baker Hughes*, 405 S.W.3d at 250.

Under the applicable Wyoming statute, when RRV failed to file its 2019 annual report and pay its annual license tax, on February 8, 2020, it "forfeited any franchises, rights or privileges acquired under [Wyoming's] laws" including its existence as a limited liability company. *See* WYO. STAT. ANN. § 17-29-705(b); *Mayflower Rest.*, 741 P.2d at 1112. Thus, when it filed its special appearance on October 14, 2021, it did so in an administratively dissolved status. *See* WYO. STAT. ANN. § 17-29-705(b).

However, when it was reinstated on November 22, 2021, its reinstatement related back to February 8, 2020, and its reinstatement allowed RRV to "resume[] carrying on its business as if it had never been deemed defunct." *See id.*; *Mayflower Rest.*, 741 P.2d at 1112; *cf. Baker Hughes*, 405 S.W.3d at 250. More specifically, under Wyoming law, RRV's reinstatement validated its special appearance and the other pleadings it filed during the period between its dissolution and reinstatement. *See Mayflower Rest.*, 741 P.2d at 1112 (concluding that reinstatement "validates acts of the corporation in the interim").

Accordingly, RRV's special appearance and its other pleadings filed before its November 22, 2021 reinstatement have the same legal effects as if RRV had never been administratively dissolved. *See* WYO. STAT. ANN. § 17-29-705(b); *Miller Mgmt.*, 167 S.W.2d at 730; *Mayflower Rest.*, 741 P.2d at 1112.

We turn now to RRV's first issue.

### SPECIAL APPEARANCE

In its first issue, RRV argues that the trial court erred when it denied RRV's special appearance. We begin by reciting the standard of review and the applicable law.

### A.  Standard of Review

In Texas, any party may file a special appearance "for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this State." TEX. R. CIV. P. 120a; *accord Hernandez v. Ebrom*, 289 S.W.3d 316, 327 (Tex. 2009).

"Whether a court can exercise personal jurisdiction over nonresident defendants is a question of law, and thus we review de novo the trial court's determination of a special appearance." *Kelly v. Gen. Interior Const., Inc.*, 301 S.W.3d 653, 657 (Tex. 2010); *accord BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

"When jurisdictional facts are undisputed, whether those facts establish jurisdiction is [also] a question of law." *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 558 (Tex. 2018) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).

**B.     Shifting Burdens of Proof**

When a defendant challenges personal jurisdiction, Texas's special-appearance jurisprudence imposes shifting burdens of proof on the plaintiff and the defendant. *Old Republic*, 549 S.W.3d at 559 (citing *Kelly*, 301 S.W.3d at 658). "The plaintiff bears the initial burden to plead sufficient allegations to bring the nonresident defendant within the reach of Texas's long-arm statute." *Id.*; *accord Kelly*, 301 S.W.3d at 658. "If the plaintiff fails to plead facts bringing the defendant within reach of the long-arm statute (i.e., for a tort claim, that the defendant committed tortious acts in Texas), the defendant need only prove that it does not live in Texas to negate jurisdiction." *Kelly*, 301 S.W.3d at 658–59 (citing *Siskind v. Villa Found. for Educ., Inc.*, 642 S.W.2d 434, 438 (Tex. 1982)).

**C.     Personal Jurisdiction**

So long as the exercise of personal jurisdiction over the defendant comports with state and federal constitutional due process guarantees, "Texas courts may exercise personal jurisdiction over a nonresident if '. . . the Texas long-arm statute authorizes the exercise of jurisdiction.'" *Old Republic*, 549 S.W.3d at 558 (quoting *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 149 (Tex. 2013)). *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 17.041–.045 (addressing long-arm jurisdiction in a business transaction or tort suit).

"The long-arm statute allows the exercise of personal jurisdiction over a nonresident defendant who 'commits a tort in whole or in part in this state.'" *Moncrief Oil*, 414 S.W.3d at 149 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 17.042(2)).

**D. Ortiz's Burden**

Ortiz bore the initial burden to prove that RRV's actions were "within the reach of Texas's long-arm statute." *See Old Republic*, 549 S.W.3d at 559; *Kelly*, 301 S.W.3d at 658.

In her pleadings, Ortiz alleges that Hoffman was negligent in operating the vehicle owned by RRV, and under the doctrine of respondeat superior, RRV was liable for Hoffman's negligence. Notably, the jurisdictional facts Ortiz pled are undisputed. Ortiz pled that the accident occurred near Austin, Minnesota; Rattlesnake Ridge Ventures, LLC is a limited liability company organized under the laws of Wyoming; and Hoffman is not a Texas resident.

Ortiz's pleadings do not allege that RRV was subject to personal jurisdiction in Texas on any other basis besides Hoffman's alleged tortious conduct. *Cf.* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 ("Acts Constituting Business in This State"). Considering the undisputed jurisdictional facts pled by Ortiz, we conclude they do not bring RRV within the reach of the long-arm statute. *See Old Republic*, 549 S.W.3d at 559; *Kelly*, 301 S.W.3d at 658.

**E. RRV's Burden**

Because Ortiz failed to plead facts that would bring RRV within the reach of the long-arm statute, the burden shifted to RRV to prove that it is not a Texas resident. *See Kelly*, 301 S.W.3d at 658–59. Ortiz's pleadings allege that RRV is a Wyoming limited liability company, and Hoffman's affidavit and the documents from the Wyoming Secretary of State confirm that fact. Further, as we have already explained, when RRV remedied its administrative dissolution, its reinstatement related back to February 8, 2020—which was before it filed its special appearance on October 14, 2021. *See* WYO. STAT. ANN. § 17-29-705(b); *Miller Mgmt.*, 167 S.W.2d at 730 ("The question of whether a foreign corporation continues in existence, after the surrender of its charter, for the purpose of pending suits is to be determined by the statutes and laws of the State in which the corporation was created.").

**F.      No Personal Jurisdiction Over RRV**

The undisputed jurisdictional facts conclusively establish that RRV was not a Texas resident, which negated the trial court's personal jurisdiction over RRV.  *See Kelly*, 301 S.W.3d at 658–59.  Further, when RRV filed its jury demand and later appeared at the special appearance hearing, its actions taken after it filed its special appearance did not constitute general appearances.  *See* TEX. R. CIV. P. 120a; *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998).  Therefore, the trial court erred when it denied RRV's special appearance.

We sustain RRV's first issue.

## MOTION TO SHOW AUTHORITY

In its second issue, RRV argues that the trial court erred when it granted Ortiz's motion to show authority and struck RRV's special appearance and answer pleadings.

**A.      Additional Background**

On December 9, 2021, Ortiz filed a motion to show authority and moved the trial court to strike RRV's special appearance and answer pleadings.  *See* TEX. R. CIV. P. 12 ("Attorney to Show Authority"); *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d 53, 61 (Tex. 2019) (orig. proceeding).  Ortiz's motion argued that because RRV was an administratively dissolved entity when it filed its special appearance, the special appearance pleading was a legal nullity, and even if RRV's rights had been reinstated, trial counsel had no authority to file the special appearance on RRV's behalf while RRV was in its administratively dissolved status.

RRV filed its notice of appeal on January 3, 3022.

Three days later, at the hearing on Ortiz's motion to show authority, Ortiz stated the undisputed facts that on February 8, 2020, RRV was administratively dissolved; and on November 22, 2021, RRV was reinstated.  Notably, Ortiz did not challenge RRV's lawyers' authority to appear on its behalf in that hearing or any time after November 22, 2021.  The only basis Ortiz

raised to challenge RRV's counsel's authority was their alleged lack of authority to file the special appearance on RRV's behalf on October 14, 2021.

On January 10, 2022, the trial court granted Ortiz's motion to show authority, and it struck RRV's special appearance and answer pleadings.

Subsequently, RRV moved this court to review the trial court's January 10, 2022 order rendered after RRV filed its notice of appeal.

### B.      Parties' Arguments

On appeal, RRV argues that the trial court's January 10, 2022 order violated Appellate Rule 29.5 when it granted Ortiz's motion to show authority because the trial court was barred from making an order that "interferes with or impairs the jurisdiction of the appellate court or effectiveness of any relief sought or that may be granted on appeal." *See* TEX. R. APP. P. 29.5(b).

RRV also argues the trial court violated Civil Rule 12 when it struck its pleadings because its authorized counsel appeared at the motion to show authority hearing. *See* TEX. R. CIV. P. 12.

Finally, RRV argues that, under Appellate Rule 29.6(a)(2), we may review the trial court's January 10, 2022 order because it "interferes with or impairs the effectiveness of the relief sought or that may be granted on appeal." *See* TEX. R. APP. P. 29.6(a)(2).

Ortiz contends that Civil Rule 12 must be an exception to Appellate Rule 29.6 because otherwise, "no party could ever obtain relief under Texas Rule of Civil Procedure 12, attacking an attorney['s] authority to file a Special Appearance, when a Special Appearance, is filed."

### C.      Standard of Review

"We review a trial court's ruling on a motion to show authority for an abuse of discretion." *R.H. v. Smith*, 339 S.W.3d 756, 762 (Tex. App.—Dallas 2011, no pet.) (citing *Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429, 432 (Tex. 1986)); *accord In re Guardianship of Benavides*, 403 S.W.3d 370, 373 (Tex. App.—San Antonio 2013, pet. denied).

"A trial court abuses its discretion when it misinterprets or misapplies the law." *In re Millwork*, 631 S.W.3d 706, 711 (Tex. 2021) (orig. proceeding) (per curiam); *accord In re Guardianship of Benavides*, 403 S.W.3d at 373–74.

**D.    Authority to Review Further Orders**

On January 10, 2022, after RRV filed its notice of appeal, the trial court signed an order granting Ortiz's motion to show authority. In its order, the trial court also struck RRV's special appearance and answer pleadings.

Subsequently, citing Appellate Rule 29.6, RRV moved this court to review the trial court's January 10, 2022 order. *See* TEX. R. APP. P. 29.6.

Under Appellate Rule 29.6, while we are considering RRV's appeal from the trial court's order denying its special appearance, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7) (interlocutory appeal), we may review the trial court's January 10, 2022 order that RRV argues interferes with or impairs our appellate jurisdiction, *see* TEX. R. APP. P. 29.6; *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 500 S.W.3d 26, 38 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

We grant RRV's motion to review the trial court's January 10, 2022 order, and we turn now to whether the order was prohibited by the appellate or civil rules. *See* TEX. R. APP. P. 29.6.

**E.    Appellate Rule 29.5**

The relevant portion of Appellate Rule 29.5, which applies "[w]hile an appeal from an interlocutory order is pending," reads as follows: "the [trial] court must not make an order that . . . interferes with or impairs the jurisdiction of the appellate court or effectiveness of any relief sought or that may be granted on appeal." TEX. R. APP. P. 29.5(b); *accord Better Bus. Bureau of Metro. Hous.*, 500 S.W.3d at 38; *Garcia v. Marichalar*, 185 S.W.3d 70, 72 (Tex. App.—San Antonio 2005, no pet.). Thus, after RRV initiated its interlocutory appeal, the trial court was prohibited

from making an order that interfered with or impaired this court's jurisdiction or the effectiveness of RRV's requested appellate relief. *See* TEX. R. APP. P. 29.5; *Garcia*, 185 S.W.3d at 72.

RRV's requested appellate relief includes granting its special appearance and dismissing Ortiz's claims, but the trial court's January 10, 2022 order striking RRV's special appearance pleading would nullify that pleading and remove the basis for this court to grant RRV's special appearance. *Cf. Garcia*, 185 S.W.3d at 72.

Therefore, because the trial court's January 10, 2022 order interferes with or impairs this court's ability to grant RRV's requested appellate relief, the order was prohibited. *See* TEX. R. APP. P. 29.5; *Garcia*, 185 S.W.3d at 72, 74.

**F.     Civil Rule 12**

Even assuming the trial court's order striking RRV's special appearance and answer pleadings did not interfere with or impair this court's jurisdiction or RRV's requested appellate relief, the trial court also lacked authority to strike the pleadings under Civil Rule 12. *See* TEX. R. CIV. P. 12.

Under Civil Rule 12, the trial court may only strike a pleading when no authorized person appears to prosecute or defend the pleading. *See Kinder Morgan SACROC, LP v. Scurry Cty.*, 622 S.W.3d 835, 846 (Tex. 2021) ("While Rule 12 requires the trial court to dismiss counsel who fails to show authority to prosecute or defend the proceeding, pleadings filed by any such counsel are not nullified and may only be stricken 'if no person who is authorized to prosecute or defend appears.'" (quoting TEX. R. CIV. P. 12)).

The record conclusively establishes that RRV's attorney appeared at the December 1, 2021 hearing on RRV's special appearance, and he defended its special appearance pleading. RRV's attorney also appeared at the January 6, 2022 hearing on Ortiz's motion to show authority, and he again defended its special appearance pleading.

The trial court had no authority to strike RRV's special appearance and answer pleadings under Civil Rule 12. *See* TEX. R. CIV. P. 12; *Kinder Morgan SACROC*, 622 S.W.3d at 846.

## G.    Trial Court's Order Prohibited

When it granted Ortiz's motion to show authority and struck RRV's special appearance and answer pleadings, the trial court misapplied the civil and appellate rules. *See* TEX. R. APP. P. 29.5; TEX. R. CIV. P. 12; *Garcia*, 185 S.W.3d at 72. In doing so, it abused its discretion. *See In re Millwork*, 631 S.W.3d at 711.

We sustain RRV's second issue.

### CONCLUSION

It is undisputed that RRV's rights and privileges as a Wyoming LLC had been forfeited when it filed its special appearance in the trial court. However, Texas jurisprudence looks to the law of the state in which the LLC was created to determine the entity's status. Under Wyoming law, when RRV was reinstated, its reinstatement related back to the date its privileges were forfeited as if the forfeiture never occurred. Thus, because Ortiz failed to meet her burden to prove that RRV's actions were within the reach of Texas's long-arm statute, and the undisputed jurisdictional evidence shows RRV was not a resident of, or doing business in, Texas, the trial court erred when it denied RRV's special appearance.

Further, when it granted Ortiz's motion to show authority and struck RRV's special appearance and answer pleadings, the trial court abused its discretion.

Accordingly, we reverse the trial court's order denying RRV's special appearance, we vacate the order granting Ortiz's motion to show authority and striking RRV's special appearance and answer pleadings, and we render judgment dismissing Ortiz's claims against RRV for want of personal jurisdiction.

Patricia O. Alvarez, Justice

- 13 -